R. A. TROUT, Petitioner,

v.

L. D. GANDY, d/b/a Gandy Truck Lines, State Insurance Fund, and the State Industrial Court, Respondents.

No. 41689.

Supreme Court of Oklahoma.

Jan. 6, 1967.

Rehearing Denied Feb. 21, 1967.

Harley Venters and Watts, Looney, Nichols & Johnson, Oklahoma City, for petitioner.

Sam Hill, Guy A. Secor, Oklahoma City, for respondents.

JACKSON, Vice Chief Justice.

This is an original proceeding for the review of an order of the State Industrial Court denying an award to the claimant, R. A. Trout, upon his motion to reopen on the ground of change of condition.

Trout's original injury resulted from an accident in 1957, and in August, 1958, he received an award for 10% permanent partial disability to the body as a whole. His motion to reopen was filed in July, 1962, and in January, 1963, the trial judge entered an order for further treatment and temporary compensation. The Industrial Court en banc vacated this order and remanded the cause for further hearing on March 19, 1963. In October, 1964, the trial judge entered an order denying compensation, and this order was vacated on appeal to the court en banc and the cause was again remanded. On July, 29, 1965, the trial judge again entered an order, this time finding for claimant and awarding him payment for 35% permanent partial disability to the body as a whole in addition to the 10% previously ordered. This order was appealed to the court en banc, and on September 16, 1965, the court entered an order finding as follows:

> "That claimant's claim for compensation herein should be denied for the reason that claimant has not sustained a change of condition for the worse since the entry of the last award herein on August 14, 1958."

The order containing the above finding is the one now under review in this original proceeding.

From the evidence, it appears that when claimant filed his motion to reopen in 1962, he had in mind the condition of his back and a certain lesion on his neck. However, at the hearings preceding the order of July 29, 1965, a question was raised for the first time about claimant's mental condition. Thereafter he was examined by a psychiatrist, Dr. P, and was re-examined by Dr. M, who had been treating him for some time. The pertinent expert evidence before the trial judge, and later the court en banc, prior to the 1965 orders, consisted of the report of Dr. F, who first suggested a psychiatric examination in a letter report dated February 10, 1965; a letter report of Dr. M, dated February 19, 1965; a letter report of Dr. P, dated March 30, 1965; a supplemental letter report of Dr. M, dated June 3, 1965; and the deposition of Dr. P taken on May 4, 1965.

In his brief in this court, claimant argues three propositions. It may fairly be said of the first and third that they are based upon the assumption that the evidence in this case on the question of whether claimant had suffered a change of condition for the worse was uncontradicted. We therefore consider first his second proposition, which is that all of the competent medical testimony conclusively shows that claimant had developed psychiatric disorders as a result of his original injury, and that the order of the court en banc finding that claimant had not suffered a change of condition for the worse is not supported by any competent evidence.

Claimant does not deny that the letter report of Dr. M, dated June 3, 1965, is against him on this point. That report included the following language:

"* * * It is my opinion that this man had no abnormalities evident during the numerous examinations here which would indicate or suggest any anxiety or conversation neurosis due to his accident of the above date. I have also not been able to demonstrate any change in this man's condition for the worse."

Claimant seeks to avoid the effect of this report by arguing that it is without probative value because it did not controvert all the medical issues presented, because Dr. M did not take a sufficient history and did not make a sufficient examination. The implication is that Dr. M was not sufficiently acquainted with claimant's condition to express an opinion.

The record does not support this argument. It shows that Dr. M was one of the physicians who treated claimant for his original injury. In addition to the two reports mentioned above, Dr. M submitted letter reports which are in the record dated May 5, 1958, June 13, 1958 and September 26, 1962. Claimant himself testified that he saw Dr. M "every two weeks". Although it may be conceded that the report of June 3, 1965 was rather abbreviated, it shows on its face that it is a "supplemental report". The record as a whole justifies the conclusion that Dr. M was fully acquainted with claimant's history and condition, perhaps more so than any of the other expert witnesses.

Claimant infers, but does not seriously argue, that Dr. M's report of June 3rd was not entitled to probative weight because he is a physician and surgeon, but not a specialist in psychiatry. However, the majority view is that a physician and surgeon, though not a specialist in diseases of the mind, is nevertheless competent to testify as an expert regarding mental condition or matters of insanity. 20 Am.Jur. Evidence, Sections 851 and 865; 32 C.J.S. Evidence § 546 (101) (c); 54 A.L.R. 863; Baldridge v. Zigler, 103 Okl. 219, 229 P. 831. The report of Dr. M, being squarely in conflict with the reports of claimant's medical experts, created an issue of fact on the question of claimant's mental condition which the State Industrial Court resolved in respondent's favor. We cannot say that the report of Dr. M was without probative value, or that he was not sufficiently acquainted with claimant's history and condition to express an opinion on his mental condition.

We have previously mentioned that claimant's first and third propositions on appeal are based on the assumption that the evidence that claimant had "psychiatric disorders" was uncontradicted. The first proposition was that the State Industrial Court erred as a matter of law "in holding that psychiatric disorders arising out of compensable injuries do not constitute a change of condition for the worse". Claimant concludes that the Court so held because "this is the only logical reason for the denial", and this conclusion is in turn based on the assumption that the report of Dr. M was without probative value and the evidence on the question of claimant's mental condition was uncontradicted. As we have seen, this is not the case.

The third proposition was that the order of the Industrial Court was vague, indefinite and "incapable of judicial determination". In argument under this proposition, claimant says:

"* * * The only reason the court could deny this claim is that they did not believe that traumatic neurosis arising out of an original accidental injury was compensable. However, they did not so state in their order. If this was the reason, then the court erred as a matter of law as set forth in Proposition One. If this was not the reason, then the parties are unable to determine from this order why the trial judge's order was vacated and denied."

However, a belief that traumatic neurosis is not compensable is not necessarily the reason for the court's holding. The unequivocal report of Dr. M that there had been no change of condition for the worse was competent and probative evidence creating a conflict in the evidence on claimant's mental condition.

This opinion should not be construed as a holding that a traumatic neurosis arising out of an original accidental injury is, or is not compensable under our Workmen's Compensation Law, as a change of condition for the worse. Since there was competent evidence that there had been no change of condition for the worse, it is not necessary for us to decide that question.

The cases cited by claimant under this proposition are all cases in which the State Industrial Court gave no reason at all for its holding, and they are therefore not in point. In this case, the court plainly stated in its order that the claim should be denied "for the reason that claimant has not sustained a change of condition for the worse".

 In an action to review an order of the State Industrial Court, this court will not review conflicting evidence on non-jurisdictional questions and determine the weight and value thereof, and where an order of the court is supported by competent evidence, the same will not be disturbed by this court on review. Hamilton v. Midwestern Instruments Co., Okl., 396 P.2d 494.

Order sustained.