EDMONDSON, V.C.J.
 

 {1 The sole issue in the case is whether U.S. Supreme Court opinions Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and Kumho Tire Co., Ltd. v. Patrick Carmichael et al., 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), apply to an Oklahoma workers' compensation claim that is based upon an injury which occurred prior to July, 1, 2005, the effective date of two amendments that year of the Workers' Compensation Act. We conclude that the retroactive application is proper.
 

 T2 In September 2001, Petitioners filed claims with the Workers' Compensation Court alleging that they were injured in July 2001 by exposure to arsine gas while employed by Air-X-Changers (Employer). In an Extraordinary Session in 2005 the Legislature amended 85 0.8. § 8. The amended statute states that:
 

 17. "Objective medical evidence" means evidence which meets the criteria of Federal Rule of Evidence 702 and all U.S. Supreme Court case law applicable thereto;
 

 85 O.$.Supp.2005 § 8(17).
 

 The amendment was effective July 1, 2005. 2005 Okla. Sess. Laws c. §§ 9, 85, (First Extraordinary Session). In that same Session the Legislature amended 85 0.8. § 17 to state that: "Any claim submitted by an employee for compensation for permanent disability must be supported by competent medical testimony which shall be supported by objective medical findings, as defined in Seetion 3 of this title,. ..." 85 0.8.Supp.2005 § 17(A)(1), (emphasis added).
 
 [1]
 
 This amendment was also effective July 1, 2005. 2005
 
 *1264
 
 Okla. Sess. Laws c. §§ 19, 85, (First Extraordinary Session).
 

 3 In January 2006, Employer filed a motion in limine
 
 [2]
 
 to exclude the testimony of Dr. H., Petitioner's medical expert. The motion was based upon amended § 8(17) and Daubert v. Merrell Dow Pharmaceuticals, Inc., supra. By a consolidated order affecting seven proceedings before the Workers' Compensation Court, the Respondent determined that the 2005 amendment to 85 0.8. § (17) should be applied to proceedings regardless of the dates of the claimants' injuries. Application of amended § 3(17) requires application of Federal Rule of Evidence 702 and all U.S. Supreme Court case law applicable thereto. Supreme Court case law applicable to Federal Rule of Evidence 702 includes Daubert v. Merrell Dow Pharmaceuticals, Inc., supra, and Kumho Tire Co., Ltd. v. Patrick Carmichael et al., supra. See the discussion of Rule 702, Dawbert and Kumho in Christian v. Gray, 2008 OK 10, ¶¶ 6-10, 65 P.3d 591.
 

 T4 Petitioners characterized the trial judge's order as a certified interlocutory order and requested our review. This Court may review a certified interlocutory order by a district court affecting a substantial part of the merits of the controversy. 12 0.98.2001 § 952(b). This Court may answer a question of law certified "by a court of the United States, or by an appellate court of another state, or of a federally recognized Indian tribal government, or of Canada, a Canadian province or territory, Mexico, or a Mexican state." Scottsdale Ins. Co. v. Tolliver, 2005 OK 93, ¶2, 127 P.3d 611, 612, quoting, 20 00.85.2001 § 1602. No similar provision exists for review of certified orders from the Oklahoma Workers' Compensation Court. However, we decline to dismiss the proceeding.
 

 4 5 This Court has original jurisdiction that "shall extend to a general superintending control over all inferior courts and all Agencies, Commissions and Boards created by law." Okla. Const. Art. 7 § 4.
 
 [3]
 
 Proceedings before The Oklahoma Workers' Compensation Court are subject to this Court's superintending control, and the Court has exercised this jurisdiction by extraordinary writs.
 
 [4]
 
 By previous order, we recast this controversy from a proceeding seeking cer-tiorari of an interlocutory order to an application for extraordinary relief and assumption of original jurisdiction. The parties were afforded an opportunity to submit briefs and a record conforming to a request for extraordinary relief. This matter is one of first impression. Recasting such a proceeding is procedurally proper, and assuming original jurisdiction serves the interests of judicial economy and clarifying new procedure for the Workers' Compensation Court.
 
 [5]
 
 The Court assumes original jurisdiction.
 

 
 *1265
 
 16 An extraordinary writ proceeding is not the usual procedure for reviewing the correctness of an order adjudicating a motion in limine. Christian v. Gray, 2003 OK 10, ¶3, 65 P.3d 591, 596. The trial judge did not determine whether Dr. H.'s testimony satisfied the Daubert criteria, and that requested relief in the motion in limine appears to remain pending. Absent exigent and unusual cireumstances not present here, this Court does not make first-instance assessments of applying legal principles to facts, but allows the parties to develop issues of fact and law in the trial court. Scott v. Peterson, 2005 OK 84, ¶27, 126 P.3d 1232, 1240; Christin v. Gray, 2003 OK 10, ¶26, 65 P.3d 591, 604. We thus do not reach the issue whether Dr. H.'s testimony satisfies Federal Rule 702, Daubert, and Kumho.
 

 ¶7 In Cole v. Silverado Foods, Inc., 2003 OK 81, 78 P.3d 542, this Court explained that the right of an employee to workers' compensation arises from the contractual relation between the employee and employer on the date of injury. Id. at ¶17, 78 P.3d at 546. The statute in effect on the date of injury forms a portion of the contract of employment and determines the substantive rights and obligations of the parties. Id. Thus, the general rule is that no subsequent statutory amendment can operate retrospectively to affect in any way the substantive rights and obligations which are fixed on the date of injury. King Mfg. v. Meadows, 2005 OK 78, ¶¶11-12, 127 P.3d 584, 589.
 

 T8 An exception to the general rule is that amendments relating solely to remedies and affecting ouly modes of procedure "are generally held to operate retroactively and apply to pending proceedings." King Mfg. v. Meadows, at ¶12, 127 P.3d at 589. We recently observed that "statutes relating solely to remedies and therefore affecting only modes of procedure are generally held to operate retroactively and apply to pending proceedings." Dean v. Multiple Injury Trust Fund, 2006 OK 78, n. 4, 145 P.3d 1097, 1103. In Cole we stated the following:
 

 Legislation that is general in its terms and impacts only matters of procedure is presumed to be applicable to all actions, even those that are pending. Statutes that relate solely to remedies and hence affect only modes of procedure-i.e., enactments which do not create, enlarge, diminish, or destroy acerued or contractual rights-are generally held to operate retroactively and apply to pending proceedings (unless their operation would affect substantive rights).
 

 Cole v. Silverado Foods, Inc., 2003 OK 81, ¶ 8, 78 P.3d 542, 546, (notes omitted, emphasis in original).
 

 Thus, the question before us, like that in Cole, is whether the amended statutes represent more than a mere procedural reform and intrude upon substantive rights, specifically, the substantive rights of those claimants challenging the application of Daubert. Cole, at ¶11, 78 P.3d at 547. If the challenged amendments are substantive they must be given a prospective application and they have no effect upon the workers' compensation claims before us. Id. If the amendments are procedural they apply to the claimants.
 

 T9 In 2005 the Legislature made Federal Rule of Evidence, Rule 702, and U.S. Supreme Court opinions construing that Rule part of workers' compensation procedure. 85 0.S.Supp.2005 § 3(17). When the amendment to § 3(17) was created the version of Federal Rule 702 in effect, and now, states as follows.
 

 Testimony by Experts
 

 If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine -a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimonj} is the product of reliable principles and methods, and (8) the witness has applied the principles and methods reliably to the facts of the case.
 

 
 *1266
 
 Fed.R.Evid. R. 702, 28 U.S.C.A. App, (West Ann.2001), (effective Dec. 1, 2000).
 

 Federal Rule 702 was amended in 2000 in response to Daubert v. Merrell Dow Pharmaceuticals, Inc., supra. Advisory Committee Notes to Rule 702, 28 U.S.C.A. App, p. 40 (West Ann.2001). Rule 702, as amended, is consistent with both Daubert v. Merrell Dow Pharmaceuticals, Inc., supra, and Kumho Tire Co., Ltd. v. Patrick Carmichael et al., supra. Advisory Committee Notes to Rule 702, 28 U.S.C.A. App, p. 40-44 (West Ann. 2001).
 
 [6]
 
 The 2005 amendment to 85 0.8. § 3(17) expressly incorporates "U.S. Supreme Court case law applicable" to Federal Rule 702, but the High Court has not construed the recently amended version of that Rule.
 
 [7]
 

 110 Recent U.S. Supreme Court opinions construing or applying Rule 702 predate the effective date of the amended version.
 
 [8]
 
 A statute should be construed, if possible, so as to render every word, phrase, and clause operative. Independent School Dist. No. 1 of Tulsa County v. Albus, 1977 OK 241, 572 P.2d 554, 560. We conclude that 85 0.8.8upp.2005 § 3(17) incorporates Federal Rule 702, as amended December 1, 2000. We also conclude that the U.S. Supreme Court opinions construing former Rule 702 are those opinions referred to and incorporated by 85 0.S.Supp.2005 § 3(17). Daubert and Kumho are thus applicable to amended § 8(I7).
 

 111 Daubert provided a nonexhaustive list of factors for a trial judge to consider when determining the admissibility of evidence from a witness qualified as an expert by knowledge, skill, experience, training or education. The purpose of examining these factors is a determination whether the reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue. The four factors are 1. Can the expert's theory or technique be, or has it been, tested; 2. Has the expert's theory or technique been subjected to peer review and publication; 3. Is there a "known or potential rate of error ... and the existence and maintenance of standards controlling the technique's operation;" and 4. Is there widespread acceptance of the theory or technique within the relevant scientific community. Christian v. Gray, at ¶8, 65 P.3d at 597-598, citing, Daubert, 509 U.S. at 598-594, 113 S.Ct. 2786, 125 L.Ed.2d 469. The inquiry is a flexible one, and focuses on the evidentiary relevance and reliability underlying the proposed submission, and not on the conclusions they generate. Christian v. Gray, at ¶8. The Daubert factors were intended to be flexible and were not intended to be a rigid standard applicable to every case. Worsham v. Nix, ¶36, 145 P.3d 1055, 1067.
 

 112 Kumho explained that in Rule 702 "scientific" was merely one type of expert testimony, and that "technical or other specialized knowledge" were also types of
 
 *1267
 
 expert testimony in Rule 702, and were thus governed by the Daubert opinion. . This language [in the Rule] makes no relevant distinction between "scientific" knowledge and "technical" or "other specialized" knowledge. Christian v. Gray, at ¶10, 65 P.3d at 599, quoting Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 147, 119 S.Ct. 1167, 143 L.Ed.2d 238 (explanatory phrase added). In Kumho the Court stated that when the evidence is not novel a trial court may make that determination and avoid a prolonged Daubert inquiry. Christian v. Gray, at ¶11, 65 P.3d at 599. The Court stated that a federal trial judge possesses the authority "needed both to avoid unnecessary 'reliability' proceedings in ordinary cases where the reliability of an expert's methods is properly taken for granted, and to require appropriate proceedings in the less usual or more complex cases where cause for questioning the expert's reliability arises." Christian, at ¶11, quoting Kumho, 526 U.S. at 152, 119 S.Ct. 1167, (emphasis in Christian ). Thus, a Daubert challenge includes an initial determination of whether the expert's methodology is one where reliability may be taken for granted. Christian, at ¶ 11, 65 P.3d at 600.
 

 1183 Similar to Daubert, challenges to the reliability of an expert's opinion occurred in The Workers' Compensation Court prior to the 2005 amendment. Generally, evidence provided there is governed by the Oklahoma Evidence Code,
 
 [9]
 
 and this Court has applied it to Workers' Compensation proceedings when appropriate.
 
 [10]
 
 In our case today, the alleged date of injury is July 2001, several years after the Federal Rules of Evidence were used to create our Evidence Code in 1978. Christian v. Gray, at ¶5, 65 P.3d 591, 597. The Oklahoma Evidence Code applied to these claimants on the date they were injured.
 

 {14 Of course, some procedures for the Workers' Compensation Court mandated by statute or rule are more specific than provisions of the Evidence Code, and the Rules of the Workers' Compensation Court recognize that the more specific procedure controls over any conflicting requirements.
 
 [11]
 
 Thus, Oklahoma's version of Rule 702, 12 0.8.2001 § 2702, prior to the 2005 amendments, would apply to evidence before the Workers' Compensation Court unless the Workers' Compensation Act expressly conflicted with § 2702.
 

 115 Prior to the 2005 amendments, objections to evidence in the Workers' Compensation Court were often classified as either to "competency" or to "probative value." Lacy v. Schlumberger Well Service, 1992 OK 54, 839 P.2d 157, 1509-160. We stated that an objection to the "competency" of a medical report is directed to the exhibit's admissibility on hearsay or other legal grounds. Id. 839 P.2d at 159. Explaining a probative-value objection, we stated as follows:
 

 Alternatively, an objection to an exhibit's "probative value" is used to challenge the evidence for insufficiency as legal proof of (a) médical findings with respect to the presence or absence of compensable disability, or of (b) the compensable impairment's rating. In other words, when evi
 
 *1268
 
 dence is objected to as lacking in probative value, the issue is whether it is probative of the elements it seeks to establish once admitted. ’
 

 Lacy, 839 P.2d at 159-160, note omitted.
 

 A Daubert objection is similar to the well-known competency objection in the Workers' Compensation Court in that both objections determine the admissibility of evidence. A Daubert objection is also similar to the well-known probative-value objection in that both involve an inquiry whether the evidence offered is probative of the elements the evidence seeks to establish.
 
 [12]
 

 16 Claimants argue that Dr. H's medical report would have been admitted in July 2001 without a Dauwbert-required reliability determination on the issue of causation. Specifically, and with reference to respiratory claims in July 2001, they argue that Dr. H. could have determined causation and impairment based upon the "nature of exposure" as opposed to a "chemical analysis of toxic substance."
 
 [13]
 
 In other words, they argue that the nature of the evidence showing probative value has changed.
 

 117 Prior to the 2005 amendments, the 2001 AMA Guides
 
 [14]
 
 recognized that a determination of causation was based on scientific evidence and experienced judgment.
 

 The AMA Guides state the following:
 

 Medical or scientifically based causation requires a detailed analysis of whether the factor could have caused the condition, based upon scientific evidence and, specifically, experienced judgment as to whether the alleged factor in the existing environment did cause the permanent impairment. Determining medical causation requires a synthesis of medical judgment with scientific analysis.
 

 AMA Guides, 5th ed. at 11.
 

 118 In Zebco v. Houston, 1990 OK 113, 800 P.2d 245, we said the following.
 

 While a physician need not predicate his opinion on a chemical analysis of the toxic substances claimed to have caused the employee's respiratory impairment, the medical expert must have enough information to show that the claimant had imhaled some particles known to be harmful. Here, the physician referred to the machine's emission as merely a "spray," a "mist," and as "various respiratory particulates." From his descriptions it is apparent the physician could not have known the substance claimed to have been injurious. For all we know from the history he considered, the spray could have been composed merely of water. Although he had drawm a causal nexus between the claimant's condition and some agent he called a "respiratory irritant," we conclude that the described source of functional loss is too indefinite for a probative medical assessment of causation.
 

 Zebco v. Houston, 800 P.2d 245, 247, (note omitted and emphasis added).
 

 Prior to the 2005 amendments, a physician's opinion on injury from inhalation of a harmful substance was based upon (1) information
 
 *1269
 
 that the claimant actually inhaled a particular substance, (2) information that this substance was harmful, and (8) information showing that claimant's medical condition is consistent with inhalation of a harmful substance so that the physician could draw a "causal nexus" between the claimant's post-exposure medical condition and the inhaled substance. Zebco, 800 P.2d at 247.
 

 19 In City of Nichols Hills v. Hill, 1975 OK 39, 534 P.2d 931, the inhalation injury was shown by a physician's report that claimant's medical condition showed "classic symptoms" of inhaling a particular harmful agent and by biopsies that showed dissemination of the disease resulting from exposure. Id. 534 P.2d at 934. The parties did not dispute that claimant suffered from the medical condition, but rather the cause of that condition. We observed that the evidence included claimant's working conditions, absence of prior physical difficulties, facts of exposure, immediate onset of the physiological symptoms, and the ensuing progression of the diagnostically established disease. Id. 534 P.2d at 935. The same method is thus used in both Zebco and City of Nichols Hills to show causation.
 

 ' 20 The method to show causation in both Zebco and City of Nichols Hills is consistent with Daubert. In Christian v. Gray, 2003 OK 10, 65 P.3d 591, we explained the application of Daubert in cireumstances involving an allegation that injury resulted from a person's exposure to a toxic substance. We noted that where there is evidence of instantaneous onset of injury following a certain occurrence and expert testimony that the injury could have been caused by the occurrence, this methodology is sufficient to present the issue of causation to the jury although there is evidence of other possible causes. Id. at ¶32, 65 P.3d at 605-606, and quoting Martin v. Stratton, 1973 OK 124, 515 P.2d 1366, 1371. The method of showing causation in Martin, like the method in Zebco and City of Nichols Hills, was based upon evidence that the person actually inhaled a particular substance, that this substance was harmful, and that the person's medical condition is consistent with inhalation of that harmful substance.
 

 21 In City of Nichols Hills, the employer argued that the employee's injury was caused by exposure prior to the date claimed by the employee and in cireum-stances other than his employment. Id. 534 P.2d at 935. The physicians for both the employee and employer examined the same medical records, medical and employment history, medical test results, etc., but they arrived at different conclusions regarding when the employee was exposed. Id. 534 P.2d at 935. The method used by physicians for both employee and employer was proper for determining causation. As we indicated in Christian, experts may possess opinions that comply with Daubert but they may disagree on the issue of causation when they use either similar or dissimilar methods for arriving at their conclusions. Christian, at n. 20, 65 P.3d at 607. The fact that physicians could have admissible opinions with varying probative value prior to Dawu-bert has not been changed by applying Dau-bert to proceedings in the Workers' Compensation Court.
 

 122 We conclude that both before and after the 2005 amendments a workers' compensation claim for injury resulting from inhalation of a toxic substance is based upon scientific evidence and involves an experienced judgment as to whether the alleged factor in the existing environment caused the injury. Application of Daubert and Kumho by the 2005 amendments made no substantive change in the law. The Workers' Compensation Court correctly determined that Daubert and Kumho applied to the claims of Petitioners. We assume original jurisdiction to answer the question presented, and deny the petition for prohibition.
 

 123 EDMONDSON, V.C.J., LAVENDER, OPALA, KAUGER, WATT, TAYLOR, COLBERT, JJ., Concur.
 

 1 24 WINCHESTER, C.J., HARGRAVE, J., Dissent.
 

 [1]
 

 . 85 0.8.Supp.2005 § 17(¥)(1):
 

 A. 1. The determination of disability shall be the responsibility of the Workers' Compensation Court. Any claim submitted by an employee for compensation for permanent disability must be supported by competent medical testimony which shall be supported by objective medical findings, as defined in Section 3 of this title, and which shall include an evaluation by the treating physician or an independent medical examiner if there is no evaluation by the treating physician, stating his or her opinion of the employee's percentage of permanent impairment and whether or not the impairment is job-related and caused by the accidental injury or occupational disease. A copy of any written evaluation shall be sent to both parties within seven (7) days of issuance. Medical opinions addressing compensability and permanent impairment must be stated within a reasonable degree of medical certainty. For purposes of this section, a physician shall have the same meaning as defined in Section 14 of this title and shall include a person licensed by another state who would be qualified to be a licensed physician under the laws of this state.
 

 [2]
 

 . In its broadest sense, a motion in limine is any motion, whether used before or during trial, by which exclusion of anticipated prejudicial evidence is sought. Christian v. Gray, 2003 OK 10, n. 22, 65 P.3d 591, 610; Braden v. Hendricks, 1985 OK 14, 695 P.2d 1343, 1349.
 

 [3]
 

 . This Court also possesses administrative authority over the Workers' Compensation Court. Okla. Const. Art. 7 § 6; Workers' Compensation Court v. Merit Protection Com'n, 1993 OK 145, 863 P.2d 1226 (original jurisdiction assumed an writ issued to the Merit Protection Commission to prevent proceedings against Workers' Compensation Court because administrative jurisdiction over that court is constitutionally vested in the Supreme Court).
 

 [4]
 

 . See, eg., Frasier & Frasier v. Oklahoma Workers' Compensation Court, 1993 OK 108, 859 P.2d 1098 (original jurisdiction assumed and prohibition issued to prevent unauthorized exercise of jurisdiction); City of Oklahoma City v. Sturm, 1979 OK 90, 596 P.2d 877 (original jurisdiction assumed and a writ of prohibition issued to prevent unauthorized re-litigation of claim); National Zinc Co., Inc. v. Sparger, 1977 OK 15, 560 P.2d 191, 193, 195 (original jurisdiction assumed, prohibition issued to prevent enforcement of a subpoena, and mandamus issued requiring transfer of proceeding).
 

 [5]
 

 . The relief selected upon recasting must be procedurally proper, and this Court has recast a petition for certiorari to review a certified interlocutory order to a petition for writ of prohibition. Christian v. Gray, 2003 OK 10, n. 3, 65 P.3d 591. When deciding to recast a proceeding the Court has considered whether the issue is of first impression. Christian v. Gray, 2003 OK 10, n. 4, 65 P.3d at 596-597; S.W. v. Duncan, 2001 OK 39, ¶13, 24 P.3d 846. This Court has adjudicated a first-impression issue involving the Workers' Compensation Act in the context of assuming original jurisdiction and issuing 'a supervisory writ to a judge of The Workers' Compensation Court. Morrison v. Swank, 1971 OK 121, 489 P.2d 1328. The concept of judicial economy is present in those procedures designed to prevent
 
 *1265
 
 an appellate court from hearing the same matter more than once. Patel v. OMH Medical Center, Inc., 1999 OK 33, ¶22, 987 P.2d 1185, 1195.
 

 [6]
 

 . Some authority states that the 2000 amendment to Rule 702 was designed to make that rule consistent with the U.S. Supreme Court's construction of the pre-amended Rule 702. See, eg., U.S. v. Brownlee, 454 F.3d 131, n. 10, 143 (3d Cir.2006), ("In 2000, Rule 702 was amended to incorporate the holding in Daubert"); Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir.) ('Effective December 1, 2000, Rule 702 was amended to reflect the Supreme Court's recent decisions in Daubert and Kumho Tire Co."); Guy v. Crown Equipment Corp., 394 F.3d 320, 325 (5th Cir.2004), ('The Daubert factors remain relevant to the determination of the reliability of expert testimony under Rule 702, as amended."); U.S. v. Conn, 297 F.3d 548, 555 (7th Cir.2002) ("'Rule 702 has been amended to reflect the Supreme Court's decision in Daubert ").
 

 [7]
 

 . We also have not construed the amended version of Federal Rule 702. The version of Federal Rule 702 in the Oklahoma Evidence Code, 12 0.$.2001 § 2702, is identical in substance to former Federal Rule 702 when that section was adopted. Christian v. Gray, ¶¶ 4, 6, 65 P.3d at 597. In Christian we stated that "The Oklahoma Evidence Code was adopted in 1978 by our Legislature and was modeled, in most parts, after the then current Federal Rules of Evidence." Id. at ¶4, 65 P.3d .at 597, citing, 1 L. Whinery, Oklahoma Evidence, The Guide to the Oklahoma Evidence Code, Preface, (1985).
 

 [8]
 

 . See, eg., Weisgram v. Marley Co., 528 U.S. 440, 120 S.Ct. 1011, 145 L.Ed.2d 958 (2000); Kumho Tire Co., Ltd. v. Patrick Carmichael et al., 526 U.S. 137, 119 S.Ct 1167, 143 L.Ed.2d 238 (1999); General Elec. Co. v. Joiner, 522 U.S. 136, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997); Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 LEd.2d 469 (1993).
 

 [9]
 

 . See 12 0.$.2001 § 2103(A): "Except as otherwise provided in subsection B of this section, this Code shall apply in both criminal and civil proceedings, conducted by or under the supervision of a court, in which evidence is produced." Professor Whinery commented on this language and stated that: "The word 'court' includes all courts in Oklahoma in which evidence is produced, including the Workers' Compensation Court, the district courts, and the municipal courts." 2 L. Whinery, Oklahoma Evidence, Commentary on the Law of Evidence, § 3.01, 41 (2d ed., 2000).
 

 [10]
 

 . See, eg., Zebco v. Houston, 1990 OK 113, n. 4, 800 P.2d 245, 247 (where we cited 12 0.$.1981 § 2705 and stated that an opinion by claimant's physician was admissible without an explanation of its basis, and explained that the Evidence Code cast on the cross-examining counsel the burden of showing that the opinion, once elicited, lacks probative value).
 

 [11]
 

 . Rule 2, Workers' Compensation Court Rules. 85 0.$.2001 Ch. 4 App.: "Any matter of practice or procedure not specifically dealt with either by the Workers' Compensation Act or by these Rules will be guided by practice or procedure followed in the district courts of this state." Cf. Phillips v. Hedges, 2005 OK 77, ¶12, 124 P.3d 227, 231 (When there is a conflict between two statutes, one specific (or special) and one general, the statute enacted for the purpose of dealing with the subject matier controls over the general statute); State ex rel. State Ins. Fund v. Accord Human Resources, Inc., 2003 OK 109, ¶15, 82 P.3d 1015, 1019 (same).
 

 [12]
 

 . Probative evidence consists of both fact and reason possessing a quality of having the effect of proof, or tending to prove, or actually proving. See Blacks Law Dictionary, 1367 (4th ed.1951) (defining probative); Globe Indem. Co. v. Daviess, 243 Ky. 356, 47 S.W.2d 990, 992 (1932) (defining probative evidence). In a Daubert sense, admissibility is dependent upon a probative value analysis, i.e., whether an expert's testimony possesses the quality of having the effect of proof, which in turn is based upon whether the expert's reasoning or methodology underlying the testimony is valid and whether that reasoning or methodology properly can be applied to the facts in issue.
 

 [13]
 

 . The premises of claimants' example are in error. Daubert does not necessarily require a "chemical analysis of the toxic substance at issue" with regard to amount of exposure, and prior to Daubert evidence that a substance was indeed toxic, i.e., capable of causing the particular injury claimed to have been caused, was required for workers' compensation claims for exposure to a toxic substance. See the discussion herein of Christian v. Gray, infra., Martin v. Stratton, infra., Zebco v. Houston, infra. and City of Nichols Hills v. Hill, infra.
 

 [14]
 

 . The American Medical Association's Guides to the Evaluation of Permanent Impairment, (Gun-nar B.J. Andersson & Linda Cocchiarella, eds., 5th ed.2001), [AMA Guides ], with exceptions not applicable here, "shall be used to rate permanent impairment as a result of injuries occurring on or after June 28, 2001." Rule 21(F), Workers' Compensation Court Rules, 85 O.$S.Supp.2005 Ch. 4, App.