2009 OK 68

**AMERICAN AIRLINES INC. and Insurance Company of the State of Penn, Petitioners/Appellants,**

v.

**Gifford Michael CRABB, Respondent/Appellee.**

No. 104,999.

Supreme Court of Oklahoma.

Sept. 22, 2009.

Rehearing Denied Dec. 14, 2009.

Patrick Parr, Brian J. Goree, Latham, Wagner, Steele & Lehman, P.C., Tulsa, OK, for Petitioner/Appellant.

J.L. Franks, Frasier, Frasier and Hickman, Tulsa, OK, for Respondent/Appellee.

REIF, J.

¶ 1 Two issues are presented on certiorari review. The first issue is whether the date of injury for cumulative trauma claims is the date of the claimant's awareness of the injury or the date of the last exposure to the cumulative trauma. The second issue is whether an amended definition of cumulative trauma that became effective July 1, 2005 can be applied retroactively.

¶ 2 These issues arose from proceedings on a workers' compensation claim filed July 5, 2005, by Gifford Crabb. The claim sought benefits for a back injury that he allegedly sustained from cumulative trauma while working for American Airlines. The record reflects that Employee Crabb first became aware of this injury in June 2004 and his last exposure to the cumulative trauma was June 30, 2005. In awarding benefits on this claim, the Workers' Compensation trial court determined the date of his injury to be June 2004. The trial court also ruled his medical evidence was sufficient to prove a compensable injury even though it did not state the cumulative trauma was a "major cause" of the injury. This "major cause" requirement was provided in an amended definition of cumulative trauma that became effective July 1, 2005.[1] A three-judge panel affirmed the award and findings.

¶ 3 On appellate review, the Court of Civil Appeals vacated the award. The Court of Civil Appeals held the Workers' Compensation Court erred (1) in finding the date of injury to be the date of Employee Crabb's awareness instead of the date of his last exposure to the cumulative trauma and (2) in finding the evidence sufficient to support the award, despite the lack of a medical determination that the cumulative trauma was a "major cause" of the injury. In reaching this latter conclusion, the Court of Civil Appeals gave the amended definition of cumulative trauma retroactive application, even under the Court's view that the date of last exposure was the date of injury. The last day of exposure was June 30, 2005, one day before

---

1. The pertinent part of 85 O.S. Supp.2004 § 3 (eff. May 29, 2003), stated:
   6. "Cumulative trauma" means an injury resulting from employment activities which are repetitive in nature and engaged in over a period of time;
   The amendment 85 O.S. Supp.2005 § 3 (eff. July 1, 2005), added major cause to the definition of cumulative trauma. The pertinent parts of 85 O.S. Supp.2005 § 3 are as follows:
   7. "Cumulative trauma" means a compensable injury, the major cause of which results from employment activities which are repetitive in nature and engaged in over a period of time and which is supported by objective medical evidence as defined in this section;
   . . .
   16. "Major cause" means the predominate cause of the resulting injury or illness; . . .

the amendment's effective date of July 1, 2005.

¶ 4 This Court has previously granted certiorari to review the opinion of the Court of Civil Appeals. For the reasons that follow, we hold the Court of Civil Appeals erred (1) in ruling the date of injury in cumulative trauma claims is the date of last exposure, rather than the date of awareness, and (2) in giving retroactive effect to the amended definition of cumulative trauma and its "major cause" requirement.

## I.

¶ 5 In ruling that the date of last exposure is the date of injury for cumulative trauma claims, the Court of Civil Appeals relied upon the statute of limitations for cumulative trauma claims, 85 O.S.2001 § 43(A), and the cases of *CNA Insurance Company v. Ellis*, 2006 OK 81, 148 P.3d 874, and *Southwest United Industries v. Polston*, 1998 OK 78, 964 P.2d 210. The Court of Civil Appeals noted (1) section 43(A) makes "last exposure" to cumulative trauma the triggering event for statute of limitations purposes, and (2) the *Ellis* and *Polston* cases contain declarations that cumulative trauma claims are now governed by the last exposure rule. The Court of Civil Appeals gave particular emphasis to the observation in the *Polston* case that "repeated trauma, or cumulative trauma accidents are now governed by the date of last trauma and the awareness doctrine no longer applies." *Polston*, 1998 OK 78, ¶ 7, 964 P.2d 210, 212. The chief problem with this analysis is that it overlooks critical portions of the *Ellis* case.

¶ 6 The *Ellis* opinion acknowledged that "the Legislature amended the statute of limitations for cumulative trauma injuries, changing the trigger date from the date of awareness to the date of last exposure." *Ellis*, 2006 OK 81, ¶ 8, 148 P.3d 874, 876. The opinion further acknowledged that "many [have] argued this amendment signaled the end of the use of the awareness doctrine on all cumulative trauma matters." *Id.* at ¶ 9, 148 P.3d at 876–77. The opinion then points out, however, that this argument was rejected in *Rankin v. Ford Motor Co.*, 1996 OK 94, 925 P.2d 39. *Ellis* stresses that *Rankin* (1)

held "the last exposure rule was strictly limited to a determination of the relevant statute of limitations period," and (2) affirmed the ruled that "the time of injury in cumulative trauma cases is the date claimant first becomes aware of his job-related injury." *Ellis*, 2006 OK 81, ¶ 9, 148 P.3d at 876–77.

¶ 7 In addition, it appears that the Court of Civil Appeals overlooked the *Ellis* case's clarification of the quoted passage from *Polston*. The *Ellis* opinion stresses that the statement in *Polston* regarding the demise of the awareness test in cumulative trauma cases "related solely to … the … amendment to the statute of limitations, 85 O.S. § 43(A)." *Id.* at ¶ 10, 148 P.3d at 877.

¶ 8 The *Ellis* opinion makes it clear that "the date of awareness in cumulative trauma cases has been [and remains] the determinative date in ascertaining disability." *Id.* at ¶ 8, 148 P.3d at 876. Like the Court in *Ellis*, we conclude that the date of awareness continues to be the determinative date of injury in cumulative trauma cases, because "no legislation passed since [the rule of awareness] was [last] decided indicates that the Legislature disagrees with [this] rule." *Id.* at ¶ 9, 148 P.3d at 877.

¶ 9 We hold the Court of Civil Appeals erred in failing to apply the awareness test in determining the date of injury for the cumulative trauma claim at issue. As a consequence, the Court of Civil Appeals erroneously vacated a correct finding of the date of injury made by the Workers' Compensation Court. Accordingly, we set aside the Court of Civil Appeals' determination and sustain the Workers' Compensation Court on this issue.

## II.

¶ 10 The importance of determining the date of injury lies in the fact that "the law in effect at the time of the employee's injury controls." *Id.* at ¶ 12, 148 P.3d at 877. That is, the right to compensation becomes vested and fixed by law at the time of the claimant's injury. *Id.* at ¶ 14, 148 P.3d at 877. Statutes in force on the date of injury form a part of the contract of employment and determine the rights and obligations of

the parties. No subsequent amendment can operate retrospectively to affect in any way the *substantive rights* and obligations which are so fixed. *Id.*

¶ 11 The *Ellis* case involved a statutory amendment that imposed liability on the last of successive employers to expose a claimant to cumulative trauma. This amendment was not in effect at the time the claimant in *Ellis* became aware of the injury. At the time of the claimant's awareness, liability was apportioned between successive employers. The Court held that the statutory amendment imposing all liability on the last employer could not be applied retroactively because it affected the substantive rights of the parties.

■ ¶ 12 There is an exception to the general rule against applying workers' compensation statutes retroactively. This exception provides that amendments relating solely to remedies and affecting modes of procedure do operate retrospectively and apply to pending proceedings. *Scruggs v. Edwards,* 2007 OK 6, ¶ 8, 154 P.3d 1257, 1261. This exception cannot be invoked, however, if the amendment represents more than a mere procedural reform and intrudes upon substantive rights. *Id.*

¶ 13 This Court approved retroactive application of an amendment that required claims to be supported by "objective medical evidence" which, in turn was defined to mean "evidence which meets the criteria of Federal Rule of Evidence 702 and all U.S. Supreme Court case law applicable thereto." *Scruggs,* 2007 OK 6, ¶ 8, 154 P.3d at 1261. Several claimants challenged the retroactive application of this amendment, arguing "the nature of the evidence showing probative value has changed [under the amendment]." *Id.* at ¶ 16, 154 P.3d at 1264. This Court rejected this challenge, concluding the amendment created a competency requirement for medical evidence that was substantially the same as the competency required of a medical opinion prior to the amendment. This Court treated the amendment as a procedural change because it "made no substantive change in the law." *Id.* at ¶ 22, 154 P.3d at 1265.

¶ 14 To judge the effect of the amended definition of cumulative trauma on the claim at issue, we must start with the definition of cumulative trauma that was in effect on the date of claimant's injury. As previously noted, the date of injury for the claim at issue was June 2004 when Employee Crabb first became aware of the cumulative trauma injury to his back. At that time, cumulative trauma was defined to mean "an injury resulting from employment activities which are repetitive in nature and engaged in over a period of time." 85 O.S. Supp.2004 § 3(6). The 2005 amendment redefined cumulative trauma to mean "a compensable injury, the major cause of which results from employment activities which are repetitive in nature and engaged in over a period of time and which is supported by objective medical evidence as defined in this section."

¶ 15 Comparing the text of each definition reveals that the 2005 amendment made three changes to the definition in effect at the time of the injury:

(1) it changed "injury" to "compensable injury,"

(2) it added the language "the major cause of which results from" to modify "injury," and

(3) it added the language "and which is supported by objective medical evidence as defined in this section" indicating the evidence that is necessary to prove the "injury" and "major cause."

Describing the injury as a "compensable" injury did nothing more than express a modifier that was already implied. Similarly, specifying that objective medical evidence was necessary to prove the "injury" and "major cause" was a permissible procedural requirement that "made no substantive change in the law" as explained in *Scruggs.* These changes represent mere procedural reforms and do not intrude on substantive rights.

■ ¶ 16 The same cannot be said for the addition of the language "the major cause of which results from." This language adds a new element that a claimant must prove over and above the definition in effect in June 2004. Under the law in effect in June 2004, the workplace cause of injury "need not be the sole cause ... but it is sufficient if it is a direct and contributing cause." *Avco Corpo-*

*ration v. Swartzlander,* 1970 OK 96, ¶ 26, 470 P.2d 340, 344. Clearly, the amendment's new requirement that a claimant must prove the cumulative trauma was the "major cause" of the injury "represents more than a procedural reform and intrude[s] upon substantive rights." *Scruggs,* 2007 OK 6, ¶ 8, 154 P.3d at 1257. As such, it cannot be applied retroactively.

¶ 17 We hold the Court of Civil Appeals erred in giving retroactive effect to the amended definition of cumulative trauma and applying it to the claim at issue. As a consequence, the Court of Civil Appeals erroneously vacated the award based on claimant's failure to prove an element of cumulative trauma that he was not required to prove under the definition in effect at the time of the injury. Accordingly, we set aside the Court of Civil Appeals determination in this regard and sustain the Workers' Compensation Court's finding that claimant proved his cumulative trauma claim by sufficient medical evidence.

¶ 18 In conclusion, we reiterate that the date of injury for cumulative trauma claims is the date of awareness. The parties' substantive rights on such claims are governed by the law in effect on the date of awareness. Statutory amendments that become effective after the date of awareness and make substantive changes in the law cannot be applied retroactively to claims in which awareness pre-dates the effective date of the amendment. In the case at hand the date of injury was June 2004 when claimant first became aware of his cumulative trauma and a *subsequent* amendment to the definition of cumulative trauma, adding the element of "major cause," cannot be applied retroactively in adjudicating the claim. The Workers' Compensation Court correctly determined these issues and therefore its award is sustained.

**CERTIORARI PREVIOUSLY GRANTED; OPINION OF THE COURT OF CIVIL APPEALS VACATED; AWARD SUSTAINED.**

¶ 19 EDMONDSON, C.J., HARGRAVE, OPALA, KAUGER, WATT, WINCHESTER, COLBERT, and REIF, JJ., concur.

¶ 20 TAYLOR, V.C.J., dissents.