2011 OK CIV APP 43

**ADECCO INC. and American Home Assurance Co., Petitioners,**

v.

**Patricia DOLLAR and the Workers' Compensation Court, Respondents.**

**No. 107967.**

Court of Civil Appeals of Oklahoma, Division No. 4.

March 7, 2011.

Nelson Christiansen, McGivern, Gilliard & Curthoys, Tulsa, OK, for Petitioners.

William C. Doty, The Bell Law Firm, Norman, OK, for Respondent.

DOUG GABBARD II, Vice Chief Judge.

¶ 1 Petitioners, Adecco Inc.,[1] and American Home Assurance (collectively, Employer), seek review of a workers' compensation court order awarding benefits for psychological overlay to Respondent, Patricia Dollar (Claimant). For the reasons set forth below, we sustain the workers' compensation court's decision. We deny Claimant's motion to tax costs.

1. Claimant's employer is identified in the record by several names, including "Adecco Personnel—

## BACKGROUND

¶ 2 In September 2004, Claimant sustained a work-related, cumulative trauma injury to her back for which she was awarded temporary total disability (TTD) benefits per a workers' compensation court order in March 2005. Additional TTD benefits were ordered in January 2006, October 2006, and, on reopening, July 2009. In April 2007, the court found Claimant had sustained 30% permanent partial disability (PPD) to the lumbar spine with radiculopathy to the legs and right hip, and disfigurement secondary to fusion surgery. The court awarded PPD benefits and continuing medical maintenance limited to pharmaceutical prescriptions for medication monitoring by Dr. Mark Newey, Claimant's primary care doctor.

¶ 3 In November 2008, Claimant moved to reopen, alleging additional impairment to her back and psychological overlay due to depression. Employer denied Claimant had undergone a change of condition for the worse. The matter was tried in December 2009.

¶ 4 At trial, Claimant testified that her back problems had led to sleeplessness and crying spells over the last three months, and that Newey had prescribed an anti-depressant medication, the name of which she could not recall. She said she had been taking the medicine for about two weeks, and that she had not taken medication for depression prior or to her accident.

¶ 5 Claimant offered the October 2009 report of Hugh G. McClure, D.C., who noted that Claimant's complaints included "depression due to being in pain and not being able to sleep. She is not able to do what she did before the injury." McClure opined that Claimant had "psychological overlay" due to her injury and treatment for the injury. He noted he had administered "the Zung Depression Test," which "indicated [Claimant] to have minimal to mild depression." McClure's report further stated that Claimant's September 2004 in-

Plano."

jury caused the injury to her spine "with consequential psychological overlay;" that her injuries had stabilized; that "the physical impairments and symptoms she now experiences should be considered permanent;" and that she "will continue to experience a loss of function due to psychological overlay in the future." Based on the Zung Test, his consultation with Claimant, and Claimant's medical records, McClure assessed a "five (5) percent permanent partial impairment to the body as a whole, due to psychological overlay." The report further reflects that McClure's "examination and opinions are in compliance with the *American Medical Association Guides to the Evaluation of Permanent Impairment,* Fifth Edition, except for scheduled members and impairment not covered by the 'Guides,'" and that his opinions "are within a reasonable degree of medical certainty."

¶ 6 The trial court admitted McClure's report over Employer's probative value objection that "a chiropractor administering a Zung Depression Test" does not "constitute[ ] a medical expert within the meaning of the *Dauber[t]* cases in Oklahoma." It is undisputed that McClure holds a license in chiropractic practice in Oklahoma. Further, Employer did not challenge the other credentials listed on McClure's letter report reflecting that McClure is a "Diplomate, American Board of Chiropractic Orthopedists," a "Fellow, Academy of Chiropractic Orthopedists," a "Diplomate, American Academy of Pain Management," an "Independent Medical Examiner," a "Permanent Impairment Examiner," and that he is "Certified in Impairment Rating." [2]

¶ 7 Employer submitted a medical report by William Gillock, M.D., reflecting that he found no evidence of injury or impairment related to psychological overlay from the alleged injury. The court admitted Gillock's report over Claimant's general probative value objection.

¶ 8 The trial court found Claimant had sustained a change of condition for the worse, resulting in 12% PPD to the back over and above 30% pre-existing, and 3% PPD psychological overlay. The court also ordered Employer to provide continuing medical maintenance from Newey for prescription medications. Employer appeals, seeking review only of the finding as to psychological overlay. Claimant has filed a motion to tax costs "for frivolous appeal," which has been deferred to this stage of the proceedings for decision.[3]

## STANDARD OF REVIEW

¶ 9 Rulings concerning expert witness qualifications and the admissibility of expert testimony "rest in the discretion of the trial court, and a decision on them will not be disturbed unless it clearly appears that discretion has been abused." *Sharp v. 251st St. Landfill, Inc.,* 1996 OK 109, ¶ 6, 925 P.2d 546, 549; *see also Christian v. Gray,* 2003 OK 10, ¶ 42, 65 P.3d 591, 608. To determine whether an abuse of discretion has occurred, "a review of the facts and the law is essential." *Id.* at ¶ 43, 65 P.3d at 608 (quoting *Bd. of Regents of Univ. of Okla. v. Nat'l Collegiate Athletic Ass'n,* 1977 OK 17, 561 P.2d 499). An abuse of discretion occurs when a court bases its decision on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling. *Id.*

## ANALYSIS

■ ¶ 10 The only issue on appeal is whether the workers' compensation court abused its discretion in admitting the medical report tendered by Claimant and relying on the report to support an assessment and award of permanent partial disability for psychological overlay. If so, then the workers' compensation court erred in overruling Em-

2. A cursory review of Court of Civil Appeals' opinions issued within the last-few years further reveals that the workers' compensation court has accepted McClure's opinion as a medical expert as to psychological overlay, based on the Zung Test, in the past. *See, e.g., Norman Reg'l Hosp. v. Johnson,* Unpublished Opinion No. 104,358 (mandate issued August 31, 2007); *Hoyt, Brumm & Link, Inc. v. Griffin,* Unpublished Opinion No. 107,415 (mandate issued July 9, 2010).

3. Employer has responded to Claimant's motion to tax cost in its reply brief. Its motion to proceed in this manner is granted.

ployer's objection, and there is no evidence in the record to support the psychological overlay award. If the trial court properly exercised its discretion in admitting the document, then its decision should be sustained. No additional inquiry by this Court is required, because Employer has advanced no other propositions of error.

■ ¶ 11 Expert medical testimony is required to establish the existence and extent of a claimant's permanent disability. *Brown v. Mom's Kitchen, LLC,* 2004 OK CIV APP 66, ¶ 11, 96 P.3d 808, 810. Pursuant to 85 O.S. Supp.2010 § 17(A)(1), a claim for "permanent disability must be supported by competent medical testimony which shall be supported by objective medical findings, as defined in Section 3 of this title...." Title 85 O.S. Supp.2010 § 3(17) defines "objective medical evidence," as evidence meeting "the criteria of Federal Rule of Evidence 702 and all U.S. Supreme Court case law applicable thereto." "Objective findings" are considered "those findings which cannot come under the voluntary control of the patient."

¶ 12 In its brief on appeal, Employer does not contend that McClure's report lacks "objective medical findings." Rather, it argues the report was deficient because (1) the Zung Depression Test was not shown to constitute "objective medical evidence" under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); and (2) a chiropractor is not qualified to testify as an expert to the degree of a patient's psychological impairment resulting from a work-related injury. In support of the latter argument, Employer asserts that a chiropractor's scope of expertise is limited to the areas of practice covered by a chiropractor's license under Oklahoma Statutes, Title 59, which do not specifically include psychological evaluation or testing.

¶ 13 Federal Rule of Evidence 702, 28 U.S.C.A. (FRE 702) provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if

(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

¶ 14 In *Scruggs v. Edwards,* 2007 OK 6, 154 P.3d 1257, the Supreme Court "determined that medical opinions formulated under the AMA Guidelines and the workers' compensation law would comply with 'Federal Rule of Evidence 702 and all U.S. Supreme Court case law applicable thereto,'" and further recognized that different physicians could have "admissible opinions with varying probative value" under this standard. *Conaghan v. Riverfield Country Day Sch.,* 2007 OK 60, ¶ 17, 163 P.3d 557, 563 (quoting *Scruggs* at ¶ 21, 154 P.3d at 1265).

¶ 15 Significantly, FRE 702 "makes no attempt to set forth procedural requirements for exercising the trial court's gatekeeping function over expert testimony." *Comments to FRE 702,* 28 U.S.C.A. In *Scruggs,* the Court noted that under Oklahoma law, specifically § 2705 of the Oklahoma Evidence Code, the opinion of a duly qualified expert is admissible "without an explanation of its basis," and that the Code "cast[s] on the cross-examining counsel the burden of showing that the opinion, once elicited, lacks probative value." *Scruggs* at n. 10. *See also Zebco v. Houston,* 1990 OK 113, 800 P.2d 245; and *Bostick Tank Truck Serv. v. Nix,* 1988 OK 128, 764 P.2d 1344.

■ ¶ 16 That a chiropractor is qualified to give expert medical testimony to matters "cover[ing] the particular field of his professional knowledge" has long been recognized by the Oklahoma Supreme Court. *Okla. Natural Gas Corp. v. Schwartz,* 1930 OK 458, ¶ 21, 146 Okla. 250, 293 P. 1087, 1091; *see also Turner v. Dewbre,* 1974 OK CIV APP 44, 530 P.2d 144. This is consistent with "the general rule that a chiropractor is competent to testify in a personal injury action, as an expert or medical witness, concerning matters within the' scope of the profession and practice of chiropractic." Annotation, *Chiropractor's Competency as Expert in Personal Injury Action as to Injured Person's Condition, Medical Requirements, Nature and Ex-*

*tent of Injury, and the Like,* 52 A.L.R.2d 1384, 1385 (1957).

¶ 17 Moreover, the Oklahoma Court has indicated that a chiropractor may be considered an expert as to other matters as well. As stated by the Court in *Inter Ocean Oil Co. v. Marshall,* 1933 OK 580, ¶ 18, 166 Okla. 118, 26 P.2d 399, 403–04, where a chiropractor was permitted to testify as to the potential causes of miscarriage:

> There are many manners and methods of treating and healing the human body, which might not be strictly termed "medical science," but nevertheless are recognized as scientific methods and render their qualified practitioners eligible to testify as expert witnesses within the scope of their knowledge, according to their qualifications. The defendants do not cite us any cases in support of their proposition. The practice of chiropractic, as a method of treatment and healing, is permitted and regulated in Oklahoma by statute. The course of study and preparation precedent to admission to practice is prescribed by law. When a duly licensed chiropractor is called as an expert witness, and establishes his qualifications to testify as an expert witness, that is as a chiropractor, he is competent to testify as an expert witness. The question of whether his qualifications have been established and the extent to which his competency goes is a question for the trial court, in the same manner and to the same extent as any other expert witness. The weight and value of his testimony is a matter for the jury, and is subject to be supported or minimized by examination and cross-examination, just as is that of any other expert. (Emphasis added).

The Oklahoma Supreme Court also has recognized that physicians generally are presumed to be competent to testify as experts "on matters concerning mental condition." *Trout v. Gandy,* 1967 OK 11, ¶ 0, 424 P.2d 52 (syllabus # 1 of the Court); *see also Holt v. State,* 1947 OK CR 65, 84 Okla.Crim. 283, 181 P.2d 573.

¶ 18 While the Supreme Court has never specifically held that a licensed chiropractor's scope of expertise, for workers' compensation purposes, should be considered equivalent to that of a medical doctor, the Oklahoma Legislature has so indicated. The Workers' Compensation Act, 85 O.S. Supp.2010 § 14(E) states:

> The term "physician" as used in this section shall mean any person licensed in this state as a medical doctor, chiropractor, podiatrist, dentist, osteopathic physician or optometrist. The Court may accept testimony from a psychologist if the testimony is requested by the Court.

¶ 19 As noted above, it is undisputed that McClure is licensed as a chiropractor in Oklahoma, and that he is certified or authorized in a number of additional or more specialized areas of expertise. It also is undisputed that McClure has been permitted to give his opinion as to the psychological overlay in other workers' compensation cases, in matters where-although the "probative value" of his opinion may have been challenged-his qualification as an "expert" to give that opinion was not raised.

¶ 20 The opinion that McClure submitted clearly states that it was formulated in accordance with AMA Guidelines, that the opinions therein "are within a reasonable degree of medical certainty," and that "under penalty of perjury" they are "true, correct and complete." Aside from counsel's one-line objection to the trial court, Employer offers no evidence otherwise. As such, and in light of the authorities cited above, the record demonstrates that the workers' compensation court acted within its discretion in accepting McClure's opinion as being from a qualified expert and compliant with FRE 702 and applicable U.S. Supreme Court case law.

█ ¶ 21 Employer was, of course, entitled to challenge the trial court's decision to admit McClure's report, and by invoking *Daubert,* Employer challenged not only the probative value—i.e. the weight—of the report, but also its admissibility.[4] However, by doing so, Employer took on the burden of demonstrating through cross-examination that the evidence presented by the report was either novel or such that its reliability "could not be taken for granted," and also

---

4. Although Claimant argues that Employer waived any objection to McClure's report be-

cause counsel made only a probative value objection, rather than seeking to prohibit the admissi-

that it was so lacking in reliability—whether due to the lack of qualification of its author or due to the methodology he employed—that it was inadmissible to prove Claimant's psychological overlay. Thus, Employer failed to meet its burden, and its argument—that there is no evidentiary support for a finding of Claimant's permanent partial disability for psychological overlay—also fails. The trial court's decision to admit and rely on McClure's report was not an abuse of discretion. This ends our review, as no further allegations of error are presented.

## CONCLUSION

¶ 22 For the reasons set forth above, the workers' compensation court's decision is sustained. Claimant's motion to tax costs, based on the argument that Employer's appeal is frivolous, is denied.

¶ 23 SUSTAINED.

GOODMAN, P.J., and RAPP, J., concur.

bility of the report altogether, the Supreme Court in *Scruggs* made clear that an objection invoking the applicability of *Daubert* raises issues going to both probative value *and* competency or admissibility. *Scruggs*, 2007 OK 6 at ¶ 15, 154 P.3d at 1263–64. Moreover, Employer made clear in the trial court that it did not object to the report as far as it concerned McClure's findings as to body parts other than psychological overlay. Claimant's argument would require Employer to object to something it had no objection to in order to protect its right to object at all.