OSCN Found Document:DOLINA v. FABRICUT, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 DOLINA v. FABRICUT, INC.
2014 OK CIV APP 97
Case Number: 112595
Decided: 11/07/2014
Mandate Issued: 12/10/2014
DIVISION II
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION II
Cite as: 2014 OK CIV APP 97, __ P.3d __

 

MICHAEL CARL DOLINA, Petitioner,
v.
FABRICUT, INC., WAUSAU INSURANCE GROUP, and the WORKERS' COMPENSATION COURT, Respondents.

PROCEEDING TO REVIEW AN ORDER OF A THREE-JUDGE PANEL OF
THE WORKERS' COMPENSATION COURT

HONORABLE OWEN T. EVANS, TRIAL JUDGE

SUSTAINED

Richard A. Shallcross, SHALLCROSS LAW FIRM, Tulsa, Oklahoma, for Petitioner
Catherine C. Taylor, PERRINE, REDEMANN, BERRY, TAYLOR & SLOAN, PLLC, Tulsa, Oklahoma, for Respondents

KEITH RAPP, JUDGE:

¶1 Claimant, Michael Carl Dolina, appeals the Order on Appeal Affirming the Decision of the Trial Court entered by a three-judge panel of the Workers' Compensation Court denying Claimant's request for a finding of a cumulative trauma injury to his right shoulder.[1]

BACKGROUND

¶2 Claimant worked for Employer, Fabricut, Inc., a producer of home-furnishing textiles, for forty-three years, most recently as an export sales manager. Claimant's employment requires him to travel extensively and carry a heavy sample case filled with fabric when he travels.

¶3 On April 24, 2007, Claimant experienced a popping in his right shoulder while lifting a box at work for Employer. Claimant reported the injury to Employer and Employer sent Claimant to an occupational medical clinic, One Source, in Tulsa on April 27. The doctor at One Source diagnosed Claimant with a right shoulder sprain. Claimant returned to One Source on May 1, 2007, and September 20, 2007. The diagnosis each time was right shoulder sprain and right shoulder bursitis and tendonitis. Claimant was also scheduled to be seen at One Source on September 27, 2007, but did not appear for his appointment.

¶4 Claimant did not seek any additional treatment for his right shoulder until November 2012, when he saw his primary care physician, James Bailey, M.D., for an annual examination and discussed his right shoulder issues. Dr. Bailey referred Claimant to Jay Lorton, M.D., an orthopedic doctor. Dr. Lorton examined Claimant on November 27, 2012. Claimant told Dr. Lorton that "a few months ago he was trying to trim the hedges with handheld manual clippers when he had some pain in his right shoulder. [Claimant] did notice some bruising in his shoulder about a year ago as well." Dr. Lorton diagnosed Claimant with a "[r]ight shoulder rotator cuff impingement with probable chronic tear." Dr. Lorton ordered an MRI for Claimant.

¶5 After seeing Dr. Lorton, Claimant approached Employer with his paperwork from One Source and Dr. Lorton. Employer gave Claimant the necessary paperwork for a workers' compensation claim. Employer subsequently notified Claimant that his claim for benefits was denied.

¶6 On February 19, 2013, Claimant filed a Form 3 alleging he sustained a rotator cuff tear to his right shoulder as the result of an employment-related cumulative trauma injury. He listed his date of accident as April 24, 2007, on his Amended Form 3.

¶7 Employer filed a Form 10 Answer and Pretrial Stipulation on May 23, 2013. Employer denied Claimant sustained an accidental injury arising out of and in the course of his employment and asserted that Claimant had failed to timely file his claim or give notice of the injury to Employer. Employer specifically asserted the statute of limitations as an affirmative defense.

¶8 The workers' compensation trial court conducted a hearing on the issue of compensability of Claimant's claim of a cumulative trauma injury to his right shoulder. At trial, Claimant testified that he felt a popping and discomfort in his right shoulder on April 24, 2007, while lifting a box at work. He said that his shoulder had progressively gotten worse and that any type of exertion made the right shoulder worse. Claimant testified he does gardening, boating, and fishing and suffers discomfort when he does anything. He stated that he did not receive any medical treatment to his right shoulder from September 2007 to December 2012. He also never told Employer he needed additional treatment during this time.

¶9 Claimant offered medical evidence in support of his claim for a work-related cumulative trauma injury. Employer offered medical evidence in support of denying the claim.

¶10 After the hearing, the workers' compensation trial court entered an Order Denying Compensability, filed on November 12, 2013. The court made the following findings:

-1-

THAT claimant sustained admitted single event injury to the RIGHT SHOULDER on April 24, 2007. [Employer] provided medical treatment through September 27, 2007 (no-show to medical appointment by claimant).

-2-

Claimant now couches his claim as injury via cumulative trauma, rather than single event, with date of awareness April 24, 2007 and last date of exposure in April 3013 [sic].

-3-

The court finds that the major cause of claimant's condition is the single event injury of April 24, 2007.

-4-

THAT, finally, the court finds that cumulative trauma, if any, sustained by claimant from April 24, 2007 to April, 2013, does not rise to the level of a compensable cumulative trauma injury.

The workers' compensation trial court denied Claimant's request for compensation.

¶11 Claimant appealed to a three-judge panel. After conducting oral arguments, the three-judge panel entered an Order on Appeal Affirming the Decision of the Trial Court, filed on February 7, 2014. The three-judge panel found the trial court's Order Denying Compensability was not against the clear weight of the evidence nor contrary to law and unanimously affirmed the trial court's decision.

¶12 Claimant appeals.

STANDARD OF REVIEW

¶13 The appellate standard of review in a workers' compensation case is determined by the law in effect on the date of injury. Williams Companies, Inc. v Dunkelgod, 2012 OK 96, ¶ 18, 295 P.3d 1107, 1113. The date of injury in a cumulative trauma case is the date the claimant first becomes aware of the job-related injury. American Airlines, Inc. v. Crabb, 2009 OK 68, ¶ 8, 221 P.3d 1289, 1291. The Workers' Compensation Court found, and Claimant agrees, that Claimant's date of awareness was April 24, 2007. This Court must apply the any competent evidence standard on review because the injury occurred prior to enactment of Section 3.6(C).[2]

ANALYSIS

¶14 On appeal, Claimant argues the Workers' Compensation Court erred because it misapplied and misinterpreted the law on cumulative trauma by focusing on Claimant's single-event injury rather than the aggravation of the April 24, 2007, injury. Although Claimant argues this appeal presents a question of law, the issue on appeal is whether the Workers' Compensation Court's finding that Claimant's injury did not rise to the level of a compensable work-related cumulative trauma injury and denying benefits is supported by competent evidence.

¶15 At trial, Employer presented expert medical testimony in support of its contention that Claimant did not sustain a work-related cumulative trauma injury. The report of Employer's medical expert, William R. Gillock, M.D., dated June 26, 2013, notes that Dr. Gillock examined Claimant and that Claimant stated he sustained a specific injury at work in April 2007 and that his right shoulder "popped and began hurting." Claimant also stated he did not receive any additional medical treatment until he saw his primary care physician for his annual examination in 2012. Claimant was subsequently diagnosed with an unrepairable rotator cuff tear.

¶16 Dr. Gillock determined that the major cause of Claimant's condition or injury is unrelated to his employment because there is no medical evidence of a work-related cumulative trauma injury. Dr. Gillock further determined Claimant was not in need of any additional medical treatment.

¶17 In his supplemental August 4, 2013, medical report, Dr. Gillock opined that Claimant's employment since the 2007 injury had not aggravated or caused a worsening of his original injury. He further determined:

Lifting as described by the claimant in his deposition would not have caused an exacerbation of the 2007 incident injury. If it had, he would have experienced an immediate exacerbation of his pain.

¶18 Claimant's medical expert, Kenneth R. Trinidad, D.O., also noted that Claimant stated at the examination that he sustained a specific injury to his right shoulder while working in April 2007. Dr. Trinidad concluded that Claimant sustained a cumulative trauma injury due to his "lifting a 70 pound sample bag working as a salesman."

¶19 At trial, Claimant testified he injured his right shoulder while lifting a box at work on April 24, 2007. At that time, he felt a popping sound and felt discomfort. Claimant did not seek additional medical treatment from September 20, 2007, until he saw his primary care physician for his annual examination on November 20, 2012. Nor did Claimant notify Employer of any problems to his right shoulder during this period.

¶20 Although Claimant presented lay testimony and medical evidence in support of his contention that he sustained a work-related cumulative trauma injury, "it is not this court's duty to weigh the adduced evidence but simply to canvass the facts to determine if the tribunal's decision is supported by competent proof." Yocum v. Greenbriar Nursing Home, 2005 OK 27, ¶ 8, n.11, 130 P.3d 213, 218, n.11.

¶21 Based on the foregoing, this Court finds the Workers' Compensation Court's denial of Claimant's cumulative trauma claim is supported by competent evidence and, therefore, must be sustained.

CONCLUSION

¶22 The Order on Appeal Affirming the Decision of the Trial Court is sustained.

¶23 SUSTAINED.

FISCHER, P.J., and THORNBRUGH, J., concur.

FOOTNOTES

[1] As of February 1, 2014, the Workers' Compensation Court shall be known as the Workers' Compensation Court of Existing Claims for the purpose of hearing claims that arise before February 1, 2014. 85A O.S. Supp. 2013 § 400.

[2] The amendment authorizing review of an order or award to determine whether it was against the clear weight of the evidence applies to claims for injuries that occur after the effective date of the amendment, 85 O.S. Supp. 2010 § 3.6(C), effective November 1, 2010. Section 3.6(C) was repealed and renumbered effective August 26, 2011 as 85 O.S. Supp. 2011, § 340(D). Both of these statutes require this Court to apply a clear weight of the evidence standard of review.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2005 OK 27, 130 P.3d 213, YOCUM v. GREENBRIAR NURSING HOME
Discussed
 2009 OK 68, 221 P.3d 1289, AMERICAN AIRLINES INC. v. CRABB
Discussed
 2012 OK 96, 295 P.3d 1107, WILLIAMS COMPANIES, INC. v. DUNKELGOD
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 340, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited
 85 O.S. 3.6, Repealed by Laws 2011, SB 878, c. 318, § 87
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 400, Dissolution of the Workers' Compensation Court
Cited