2012 OK 101

**RURAL WASTE MANAGEMENT AND INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellees,**

v.

**Harold E. MOCK and the Workers' Compensation Court, Appellant.**

No. 108,330.

Supreme Court of Oklahoma.

Dec. 4, 2012.

J.R. Schneider, Pierce Couch Hendrickson Baysinger & Green, LLP, Oklahoma City, for Appellees.

G. Todd Ralstin, G. Todd Ralstin, Oklahoma City, for Appellant.

COLBERT, V.C.J.

¶ 1 The issues presented on certiorari review are: 1) What is the correct standard for review of this workers' compensation case? 2) Did the employee sufficiently demonstrate that his injury is compensable under the Workers' Compensation Code? This Court holds that pursuant to this Court's recent decision in *Williams Companies, Inc. v. Dunkelgod*, 2012 OK 96, 295 P.3d 1107, 2012 WL 5870672 (2012), the any competent evi-

dence test was the proper standard of review applicable to this matter. This Court further holds that the employee established that his employment was the major cause of his personal injury that arose out of and in the course of his employment and is thus compensable under the Workers' Compensation Code.

## FACTS AND PROCEDURAL HISTORY

¶ 2 Harold Mock (Employee) began working at Rural Waste Management (Employer) in February 2007, as a truck driver. Employee's duties included climbing up and down the stairs of the truck several times a day, loading and unloading trash/waste, and sweeping out the trailer of the truck twice a day. On many occasions Employee had to jump out of the trailer to exit the truck because it was too cumbersome to use the ladder.

¶ 3 In 2008, Employee began experiencing pain in his right hip, leg, and lower back. He first noticed the pain as he was entering and exiting the truck. The pain progressively got worse as Employee went about his normal work routine. Employee notified Employer of his pains. Employer did not modify Employee's duties and he continued working and performing his full job duties.

¶ 4 On April 22, 2009, Employee was involved in an accident involving his work truck and another vehicle. Employee was forced to drive off the road, over a bar ditch into a field. He was taken from the scene by an ambulance to the nearest hospital due to pain and soreness resulting from the accident. Due to the persistent pain in his right

hip and lower back, Employee was seen and examined by several doctors after the accident. Employee was eventually referred to Dr. Gilles, an orthopedic surgeon. Dr. Gilles conducted a physical examination of Employee and ordered x-rays of his back and right hip. Dr. Gilles diagnosed Employee with degenerative changes in his spine, severe osteoarthritis[1] of his right hip and recommended a total hip replacement. At the suggestion of his attorney, Employee was evaluated by Dr. J. Arden Blough. Dr. Blough stated in his deposition that Employee suffered from a cumulative and acute traumatic injury to the hip. He also stated that Employee's job duties were the major cause of the injury[2]. In Dr. Blough's report, he stated that Employee is temporarily totally disabled (TTD) and has been since the accident on April 22, 2009.

¶ 5 On May 28, 2009, Employee filed a Form 3 in the Workers' Compensation Court claiming culmative trauma from having to get in and out of his truck several times a day plus cleaning the trailer out each day and that injury was exacerbated by the traffic accident. Employer answered and claimed that Employee's injury was due to a prior condition. The case was tried on January 14, 2010, and Employee was the only witness called to testify. By order dated January 15, 2010, Judge McCormick held that Employee sustained an accidental personal injury, as a result of cumulative trauma, to his lumbar back, right hip, and right leg and that the injury arose out of and in the course of employment. Employee was declared TTD and awarded benefits. Employer appealed

1. "Osteoarthritis is the most common form of arthritis, affecting millions of people around the world. Often called wear-and-tear arthritis, osteoarthritis occurs when the protective cartilage on the ends of your bones wears down over time. While osteoarthritis can damage any joint in your body, the disorder most commonly affects joints in your hands, neck, lower back, knees and hips. Osteoarthritis gradually worsens with time, and no cure exists." "Osteoarthritis occurs when the cartilage that cushions the ends of bones in your joints deteriorates over time.... Eventually, if the cartilage wears down completely, you may be left with bone rubbing bone." There are several factors that increase your risk of developing osteoarthritis such as advanced age,

joint injury, obesity, sedentary lifestyle, and occupations that place repetitive stress on a particular joint.
*Osteoarthritis*, Mayo Clinic Staff, *www.mayoclinic.com/health/osteoarthritis/DS00019* (last visited Oct. 1, 2012).

2. "Major cause" means more than fifty percent (50%) of the resulting injury, disease or illness. A finding of major cause shall be established by a preponderance of the evidence. A finding that the workplace was not a major cause of the injury, disease or illness shall not adversely affect the exclusive remedy provisions of this act and shall not create a separate cause of action outside of this act[.]
Okla. Stat. tit. 85, § 308(28) (2011).

to the three-judge panel. The three-judge panel sustained the award of the trial court. The Court of Civil Appeals (COCA), however, vacated the award stating that the decision of the three-judge panel was against the clear weight of the evidence. Employee appealed.

## STANDARD OF REVIEW

¶ 6 This matter presents an issue of statutory construction concerning the proper standard of appellate review for this workers' compensation award. Issues of statutory construction are questions of law. *Huggins v. State of Okla.,* 1993 OK CIV APP 153, ¶ 5, 861 P.2d 1007, 1008. Questions of law are reviewed de novo. *Kluver v. Weatherford Hosp. Auth.,* 1993 OK 85, ¶ 14, 859 P.2d 1081, 1084. Whether employment was the major cause of the injury is an issue of fact to be determined under the applicable standard of review and reviewed by the applicable standard on appeal. *Veith v. Ogburn,* 2006 OK CIV APP 75, 136 P.3d 1080.

## ANALYSIS

¶ 7 The issue of the applicable standard of review for this claim which was filed in 2009 is controlled by this Court's recent decision in *Williams Companies, Inc. v. Dunkelgod,* 2012 OK 96, 295 P.3d 1107 (2012). Pursuant to that decision, the any competent evidence standard applies to these facts and COCA erred by applying the "clear weight of the evidence" standard. The single remaining issue is whether there was any competent evidence to support the award of benefits by the Workers' Compensation Court. Specifically, whether there was any competent evidence that the major cause of Employee's injury was his employment.

¶ 8 The medical dispute in this matter centered on the cause of Employee's hip injury. Employer argued that the injury was caused in major part by osteoarthritis. Employee asserted the injury was due to the culmative trauma of climbing in and out of his truck six to eight times a day and was exacerbated by the motor vehicle accident in which he was involved.

¶ 9 Conflicting medical evidence was presented at trial. Claimant's medical expert opined the truck/automobile collision was the major cause of the injuries he suffered. Employer's medical expert noted Employee's several year history of right hip pain and attributed the major cause of Employee's injuries to severe osteoarthritis and degenerative disk disease. Both experts agreed that Employee needed a total hip replacement.

¶ 10 Under the any competent evidence test this Court will simply "canvass the facts, not with an object of weighing conflicting proof in order to determine where the preponderance lies but *only* for the purpose of ascertaining whether the tribunal's decision is supported by competent evidence." *Parks v. Norman Municipal Hospital,* 1984 OK 53, ¶ 12, 684 P.2d 548, 552. In this matter, Employee presented competent medical evidence which supports the compensation court's determination that the culmative trauma resulting from his employment and the motor vehicle accident were the major cause of Employee's injury.

CERTIORARI PREVIOUSLY GRANTED; OPINION OF COURT OF CIVIL APPEALS VACATED; AWARD OF THE WORKERS' COMPENSATION COURT SUSTAINED.

CONCUR: COLBERT, V.C.J.; KAUGER, WATT, WINCHESTER, EDMONDSON, REIF, COMBS, JJ.

CONCURS IN RESULT: GURICH, J.

DISSENTS: TAYLOR, C.J.