2013 OK CIV APP 82

**INTERMEDIX CORPORATION and Farmington Casualty Company, Petitioners,**

v.

**Cathleen Emilie WOLF and the Oklahoma Workers' Compensation Court, Respondents.**

**No. 110929.**

Court of Civil Appeals of Oklahoma, Division No. 3.

April 8, 2013.

Certiorari Denied June 17, 2013.

Brian E. McMahan, David Klosterboer & Associates, Oklahoma City, Oklahoma, for Petitioners.

F. William Thetford, Rachel K. Thetford, Oklahoma City, Oklahoma, for Respondents.

WM. C. HETHERINGTON, JR., Presiding Judge.

¶ 1 Intermedix Corporation and Farmington Casualty Company (collectively, Employer) seek review of orders of the Workers' Compensation Court authorizing medical treatment for injuries sustained by Cathleen Wolf (Claimant) in a stairway fall on April 29, 2011. Under stipulated facts of the case and pursuant to applicable statutory changes, the orders of the Workers' Compensation Court are contrary to law. The orders are VACATED.

*Standard of Review*

¶ 2 Effective November 1, 2010, the Oklahoma Legislature abrogated the "any competent evidence" standard of review set forth in *Parks v. Norman Municipal Hospital,* 1984 OK 53, 684 P.2d 548, by amending 85 O.S.Supp.2010 § 3.6(C), to establish a new standard of review. In *Dunlap v. Multiple Injury Trust Fund,* 2011 OK 14, ¶ 1, 249 P.3d 951, 952, the Oklahoma Supreme Court held this new standard of review applies prospectively to claims for injuries occurring after the effective date of the amendment. Following enactment of the Workers' Compensation Code, the new standard of review is found at 85 O.S.2011 § 340(D). Under this standard of review the Court:

> may modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:
>
> 1. The Court acted without or in excess of its powers;
>
> 2. The order or award was contrary to law;

3. The order or award was procured by fraud; or

4. The order or award was against the clear weight of the evidence.

This is the standard of review applicable to this proceeding.

### Facts

¶ 3 According to Joint Stipulations of Fact by the parties, the following facts are not in dispute. Claimant suffered injury to her head, face, and teeth[1] in a single event episode. Injury to other parts of her body were reserved for future hearing. She had clocked out of work, was leaving for the day, and was using a staircase common to all tenants of the six-story building where Employer's business is located on the third floor. Claimant had the option of using elevators but had chosen to use the stairs, which are concrete and have a handrail. Employer does not own or maintain the building or stairwells. Claimant did not recall that anything in the stairwell caused her to fall.

¶ 4 In a November 22, 2011 Order, the Workers' Compensation Court determined Claimant's personal injuries were a compensable event arising out of and in the course of her employment. The trial court found "THAT an essential part of a claimant's job function is having a reasonable time to enter employer's premises before beginning work and a reasonable time to leave the premises." The trial judge denied a defense based upon 85 O.S. § 312(6), found Claimant had not suffered an idiopathic fall, and found the major cause of her injury was her work for Employer. Employer sought review of this order, but the Oklahoma Supreme Court, on its own motion, dismissed the proceeding for lack of an appealable order.

¶ 5 In a July 9, 2012 Order, Employer was ordered to provide Claimant with reasonable and necessary medical care and treatment by a neurologist of its choice. This review proceeding followed.

### Review

¶ 6 Employer argues the Workers' Compensation Court trial judge erred as a matter of law by finding that a reasonable time to enter and leave its premises was an essential part of Claimant's job function, citing 85 O.S.Supp.2010 § 11(A)(5),[2] which provides, in pertinent part:

> Employment shall be deemed to commence when an employee arrives at the employee's place of employment to report for work and shall terminate when the employee leaves the employee's place of employment, *excluding areas not under the control of the employer or areas where essential job functions are not performed* ... (Emphasis added.)

Employer argues Claimant was outside the scope of her employment because she was not performing any essential job functions while leaving the building and the Legislature intended to overrule existing precedents regarding exceptions to the usual rule of non-coverage while an employee is coming or going from work. We agree.

¶ 7 Although the trial court's finding is consistent with cases finding employment includes a reasonable time to enter and leave an employer's premises, *see, e.g. Turner v. B Sew Inn*, 2000 OK 97, ¶ 13–¶ 26, 18 P.3d 1070, 1073–1077, *Greenway v. National Gypsum Company*, 1956 OK 88, ¶ 7, 296 P.2d 971, 973, *E.I. duPont deNemours & Co., Inc. v. Redding*, 1944 OK 151, ¶ 13, 194 Okla. 52, 54, 147 P.2d 166, 168 (1944), and *Barre v. TCIM Services, Inc.*, 1998 OK CIV APP 179, ¶ 7, 971 P.2d 874, 877, the continued validity of these cases as precedent depends upon the meaning of the enactment cited above.

¶ 8 Issues of statutory construction are questions of law which are reviewed *de*

---

1. Medical records indicate Claimant was descending five stairs at around 8:15 p.m. when she fell, striking her face. Her injuries included facial bruising, fractures of facial bones, several chipped and "split" teeth, and a partially avulsed tooth. She had surgery for the facial fracture and dental restoration which included splinting and then capping of seven teeth.

2. At the time of Claimant's injury, 85 O.S.Supp. 2010 § 11(A)(5) was in effect, not § 312(6). However, the provision relevant to our analysis, *i.e.*, "excluding areas not under the control of the employer or areas where essential job functions are not performed" appears in both statutory provisions.

novo. *Rural Waste Management and Indemnity Insurance Company of North America v. Mock,* 2012 OK 101, ¶ 12, 292 P.3d 24, 26. "We will give a sensible construction when interpreting statutes and not presume that the legislature intended an absurd result. *AMF Tubescope Company v. Hatchel,* 1976 OK 14, ¶ 21, 547 P.2d 374, 379." *Hogg v. Oklahoma County Juvenile Bureau,* 2012 OK 107, ¶ 7, 292 P.3d 29, 33. The sensible construction of the provision "excluding areas not under the control of the employer or areas where essential job functions are not performed," is that pursuant to workers' compensation statutes enacted since 2010, the Legislature intended to exclude from the scope of compensability those injuries incurred in areas like the common stairwell here which is not owned or maintained by an employer and in which the injured employee performed no essential job duties.

¶ 9 The orders finding Claimant's injuries arose out of and in the course of her employment and were compensable are contrary to law. The orders so finding are **VACATED.**

MITCHELL and GOREE, JJ., concur.