OSCN Found Document:GRAHAM PUBLIC SCHOOLS v. PRIDDY

 
 
 
 OSCN navigation


 
 Home

 
 Courts

 
 Court Dockets

 
 Legal Research

 
 Calendar

 
 Help
 





 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 

 
 
 
 GRAHAM PUBLIC SCHOOLS v. PRIDDY
2014 OK 30
Case Number: 111038
Decided: 04/22/2014
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2014 OK 30, __ P.3d __

GRAHAM PUBLIC SCHOOLS and COMPSOURCE OKLAHOMA, 
Petitioners,
v.
DENA PRIDDY and THE WORKERS' COMPENSATION COURT, 
Respondents.

CERTIORARI TO THE COURT OF CIVIL APPEALS, DIVISION 
I,
ON APPEAL FROM THE WORKERS' COMPENSATION COURT
STATE OF 
OKLAHOMA
HONORABLE OWEN EVANS, JUDGE

¶0 On February 25, 2011, Claimant was injured at work as she walked out a 
door used by employees to exit Employer's school building. A rug outside the 
door slipped out from under her, causing her to fall. At the time of this 
accident, claimant was leaving work early due to a family medical emergency. The 
Workers' Compensation Court found this injury to be compensable, but the Court 
of Civil Appeals ruled it was not. The Court of Civil Appeals held that claimant 
was on a personal mission at the time of the injury and vacated the award of 
benefits. Claimant filed a petition for certiorari, asking this Court to review 
the opinion of the Court of Civil Appeals.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS 
OPINION
VACATED AND AWARD OF BENEFITS REINSTATED.

Patrick Parr, Brandy L. Shores, Latham, Wagner, Steele & Lehman, P.C., 
Tulsa, Oklahoma, for Petitioners,
Gregory G. Meier, Angeline S. Morris, Meier 
& Associates, Tulsa, Oklahoma, for Respondents.


REIF, V.C.J.:
¶1 The dispositive question in this case is whether Claimant's injury while 
leaving work in response to a family medical emergency arose out of her 
employment. The Workers' Compensation Court answered this question in the 
affirmative. In a review proceeding brought by Employer, the Court of Civil 
Appeals disagreed, ruling claimant was on a personal mission at the time of her 
injury and, therefore, the injury did not arise out of her employment. Upon 
certiorari review sought by Claimant, we note that an employee's purpose in 
leaving work is relevant, but not dispositive, in deciding whether going and 
coming injuries arise out of employment. The test for such injuries is set forth 
in Corbett v. Express Personnel, 1997 OK 40, ¶ 8, 936 P.2d 932, 934. The material 
undisputed facts in the case at hand establish as a matter of law that 
claimant's injury was compensable under the second factor in the Corbett 
test.
¶2 In Corbett, this Court said: "When they occur on premises 
owned or controlled by the employer, injuries sustained by an employee while 
going to or from work may be compensable in certain circumstances if (a) the 
claimant's employment is shown to have a connection to the causative risk 
encountered, or (b) the precipitating risk of harm was created (or maintained) 
by the employer." Id. (footnotes omitted). In the case at hand, it 
is undisputed that "the precipitating risk of harm" was a rug Employer placed 
outside the door that employees, such as Claimant, used to exit Employer's 
school building. Claimant's undisputed testimony established that "the rug 
slipped out from under [her]" and "scooted" in her first effort to get up. 
Claimant related that she was unable to get up until she crawled off the rug to 
the solid sidewalk.
¶3 We are mindful that the Corbett case disallowed workers' 
compensation benefits to an injured employee who left work early on a personal 
mission. However, the employee in Corbett was injured "when he lost 
control of [his motorcycle] and hit a fence upon the premises." ¶ 4, 936 P.2d at 
933. Other than permit the employee to depart early, the employer in 
Corbett did nothing to create the risk or to contribute to the injury 
sustained by the departing employee. As the Corbett opinion explained: 
"[C]laimant's injuries arose out of his personal mission because the 
causative risks he encountered on his harm-dealing errand . . . can be regarded 
neither as job-related nor as hazards created by the employer." ¶ 
3, 936 P.2d at 933 (emphasis in original). In contrast, Employer in the case at 
hand placed the rug outside the door in question.
¶4 Although not raised by the parties nor addressed by the Court of 
Civil Appeals, we note that Claimant's injury, occurring on February 25, 2011, 
was governed by the statutory definition of employment set forth in 85 O.S.Supp 2010, § 11(A)(5). This 
statute provides, in pertinent part, that "Employment shall be deemed to 
commence when an employee arrives at the employee's place of employment to 
report for work and shall terminate when the employee leaves the employee's 
place of employment." This statutory definition contains only two exclusions: 
(1) injuries in areas not under the control of the employer, and (2) injuries in 
areas where essential job functions are not performed.
¶5 Neither of these exclusions apply to the case at hand, because (1) the 
door through which Claimant exited the school building was under the control of 
Employer school, and (2) entering and leaving the building where she worked 
through a door provided and maintained by Employer for that purpose was 
essential to Claimant's job function. Not only are these exclusions inapplicable 
to the case at hand, they do not manifest any intent to abrogate coverage under 
Corbett for a going or coming injury where the precipitating risk of harm 
was created or maintained by the employer.
¶6 In the case of Intermedix Corp. v. Wolf, 2013 OK CIV APP 82, 313 P.3d 287, the Court of Civil 
Appeals did apply section 11(A)(5) to preclude coverage for an employee (1) who 
was injured while leaving work and (2) who had not left the building where her 
employer's office was located. However, the dispositive fact in that case was 
that the stairway upon which she fell was owned and maintained by the landlord 
of the building where employer rented space, and was not owned or 
maintained by the employer. In other words, the employment of the injured 
employee in the Wolf case ended when she entered the common stairway. In 
contrast, Claimant in the case at hand was still within the statutory definition 
of employment and protected by the rule in Corbett as she passed through 
the doorway.
¶7 The record in the case at hand consists largely of Claimant's undisputed 
testimony. Employer school did not deny that it placed the rug outside the door 
in question, contest Claimant's right to use the door to leave the building in 
which she worked or attempt to show that the rug was not slippery as Claimant 
described.
¶8 Where there is no conflict in the evidence and no opposite inferences to 
be drawn from undisputed proof, the question of whether an injury arises out of 
and in the course of employment is one of law. Lanman v. Oklahoma County 
Sheriff's Office, 1998 OK 37, 
¶ 6, 958 P.2d 795, 798. Questions 
of law are reviewed by a de novo standard under which this Court has plenary, 
non-deferential and independent authority to determine whether lower courts have 
erred in their legal rulings. Patterson v. Sue Estell Trucking Co., 2004 OK 66, ¶ 5, 95 P.3d 1087, 1088.
¶9 Upon de novo review of the undisputed evidence in the case at hand, we 
hold that employer's rug, which slipped out from under Claimant and caused her 
to fall was a precipitating risk of harm created by employer. As such, the 
injury that Claimant sustained as a consequence arose out of Claimant's 
employment as defined by 85 O.S.2010, 
§ 11(A)(5) and under the second factor in the Corbett test, 
notwithstanding the personal mission that prompted Claimant to depart work 
early. The opinion of the Court of Civil Appeals, ruling that Claimant's injury 
did not arise out of her employment, was in error and is vacated. Because the 
Workers' Compensation Court correctly determined that Claimant's injury did 
arise out of her employment, the award of benefits ordered by that court is 
reinstated.

CERTIORARI PREVIOUSLY GRANTED, COURT OF CIVIL APPEALS 
OPINION
VACATED AND AWARD OF BENEFITS REINSTATED.

¶10 COLBERT, C.J., REIF, V.C.J., WATT, EDMONDSON, COMBS and GURICH, JJ., 
concur.
¶11 KAUGER, WINCHESTER, and TAYLOR, JJ., dissent. 





 Citationizer© Summary of Documents Citing This Document
Cite
 Name
 Level
 None Found.
Citationizer: Table of Authority
Cite
 Name
 Level
 Oklahoma Court of Civil Appeals Cases Cite
Name
Level 2013 OK CIV APP 82, 313 P.3d 287, INTERMEDIX CORPORATION v. WOLF
Discussed
Oklahoma Supreme Court Cases Cite
Name
Level 1997 OK 40, 936 P.2d 932, 68 OBJ 1282, Corbett v. Express Personnel
Discussed 2004 OK 66, 95 P.3d 1087, PATTERSON v. SUE ESTELL TRUCKING CO.
Discussed 1998 OK 37, 958 P.2d 795, 69 OBJ 1887, LANMAN v. OKLAHOMA COUNTY SHERIFF'S OFFICE
Discussed
Title 85. Workers' Compensation Cite
Name
Level 85 O.S. 11, Repealed by Laws 2011, SB 878, c. 318, § 87
Discussed