OSCN Found Document:CARROLL v. CAPITOL ONE AUTO FINANCE, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 CARROLL v. CAPITOL ONE AUTO FINANCE, INC.
2015 OK CIV APP 27
Case Number: 113028
Decided: 02/13/2015
Mandate Issued: 03/23/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 27, __ P.3d __

 
AMANDA CARROLL, Petitioner,
v.
CAPITOL ONE AUTO FINANCE, INC., Respondent,
and
AMERICAN ZURICH INSURANCE CO., Insurance Carrier.
PROCEEDING TO REVIEW AN ORDER OF THE WORKERS'
COMPENSATION COURT OF EXISTING CLAIMS
HONORABLE DAVID P. REID, TRIAL JUDGE
SUSTAINED
Donald E. Smolen, II, Jack Beesley, SMOLEN, SMOLEN & ROYTMAN, PLLC, Tulsa, Oklahoma, for Petitioner,
Daniel K. Zorn, Timothy E. Lurtz, COLLINS, ZORN & WAGNER, Oklahoma City, Oklahoma, for Respondent.
Kenneth L. Buettner, Judge:
¶1 Petitioner Amanda Carroll seeks review of an order of the Workers' Compensation Court of Existing Claims, which found Carroll did not sustain a compensable injury. Respondent Capitol One Auto Finance (Employer) argued Carroll's injury was not compensable because it occurred in an area not controlled by Employer and where essential job functions are not performed. The trial court's decision is not against the clear weight of the evidence or contrary to law and we sustain.
¶2 In her Form 3, Carroll sought compensation for a single incident injury incurred September 26, 2013. Carroll asserted she injured her back and left ankle when she slipped in a puddle of water. Employer denied the injury was compensable.
¶3 Following trial held June 11, 2014, the trial court entered its Order Denying Compensability June 23, 2014. The court found that Carroll fell "in the building where [Employer's] office was located" and noted other companies had offices in the same building. The trial court further found Carroll was on a scheduled break and had gone downstairs to a cafeteria in the building to eat. As she was leaving the cafeteria to return to her office on the second floor, Carroll slipped in water in a walkway. The court noted Employer also had an office on the main floor where the cafeteria was, but that Employer "did not own or operate the cafeteria on the walk way (sic) where [Carroll] fell." The trial court noted that injuries occurring in common areas not owned or maintained by the employer are not compensable pursuant to 85 O.S.2011 §312(6). The trial court denied Carroll's claim.
¶4 We will sustain the trial court's decision unless it is against the clear weight of the evidence or contrary to law. 85 O.S.2011 §340(D). The evidence showed that Carroll was on a mandatory 15 minute break at the time of her fall. Employer leased office space in a building in Tulsa and Carroll's work station was on the second floor. Employer maintained a break room on the second floor, but Carroll had gone to the first floor to a cafeteria to eat during her break. Employer did not operate the cafeteria or require its employees to use it, but it had arranged for its employees to receive a 10% discount at the cafeteria. After Carroll finished eating, she left the cafeteria to walk back to her work station on the second floor. While walking she slipped in liquid and fell, injuring herself. The parties disputed whether Carroll's injury arose out of and in the course of her employment.
¶5 At the time of Carroll's injury, the Workers' Compensation Code provided, in pertinent part:


The following shall not constitute a compensable injury under the Workers' Compensation Code:
. . . .
6. An injury which occurs outside the course of employment. Employment shall be deemed to commence when an employee arrives at the employee's place of employment to report for work and shall terminate when the employee leaves the employee's place of employment, excluding areas not under the control of the employer or areas where essential job functions are not performed; provided, however, when the employee is instructed by the employer to perform a work-related task away from the employee's place of employment, the employee shall be deemed to be in the course of employment when the employee is engaged in the performance of job duties directly related to the task as instructed by the employer, including travel time that is solely related and necessary to the employee's performance of the task. . . .


85 O.S.2011 § 312(6) (emphasis added) (repealed by Laws 2013, SB 1062, ch. 208, §171, eff. February 1, 2014). We agree with Carroll that prior to the enactment of §312, her injury likely would have been compensable. But this statute has been interpreted to mean what it says, which is that an injury occurring in an area not under the control of the employer or where essential job functions are not performed is not compensable. See Leandro v. American Staffcorp, Inc., 2013 OK CIV APP 68, __ P.3d __; Intermedix Corp. v. Wolf, 2013 OK CIV APP 82, 313 P.3d 287 (cert. denied). We recognize that another division of the Oklahoma Court of Civil Appeals has reached the opposite result, but we find the correct analysis is in Leandro and Intermedix. See Carney v. DirecTV Group, Inc., 2014 OK CIV APP 4, 316 P.3d 234. In this case, Carroll was injured in an area not controlled by Employer and in an area where essential job functions were not performed. Under either statutory basis, her injury did not arise out of and in the course of employment. The clear weight of the evidence supports the trial court's finding that Carroll's injury was not compensable. SUSTAINED.
GOREE, P.J., and BELL, J., concur.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2013 OK CIV APP 68, LEANDRO v. AMERICAN STAFFCORP, INC.
Cited
 2013 OK CIV APP 82, 313 P.3d 287, INTERMEDIX CORPORATION v. WOLF
Discussed
 2014 OK CIV APP 4, 316 P.3d 234, CARNEY v. DIRECTV GROUP, INC.
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 312, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Discussed
 85 O.S. 340, Repealed by Laws 2013, SB 1062, c. 208, § 171, eff. February 1, 2014
Cited