2015 OK CIV APP 98

**The CITY OF LAWTON, Own Risk, # 11014, Petitioners,**

**v.**

**Ronnie C. SMITH, Jr. and The Workers' Compensation Court of Existing Claims, Respondents.**

No. 113402.

Court of Civil Appeals of Oklahoma, Division No. 2.

Oct. 22, 2015.

James C. Ferguson, Bruce V. Winston, Walker, Ferguson & Ferguson, Oklahoma City, Oklahoma, for Petitioners.

William E. Woodson, Woodson & Goodwin, Norman, Oklahoma, for Respondent Ronnie C. Smith, Jr.

JANE P. WISEMAN, Judge.

¶ 1 The City of Lawton (Employer) seeks review of an order of a three-judge panel of the Workers' Compensation Court of Existing Claims affirming an order of the trial court awarding Ronnie C. Smith, Jr. (Claimant) workers' compensation benefits. The issue on appeal is whether the Workers' Compensation Court's decision that Claimant's work activities were the major cause of his injury is against the clear weight of the evidence. After review, we conclude the Workers' Compensation Court's decision is against the clear weight of the evidence, and

we vacate its decision and remand with directions.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Claimant filed a Form 3 on January 30, 2014, alleging a single event work-related injury to both testicles on October 29, 2013. He described the nature of his injury as "Testicular Torsion/Anatomical Abnormality." Claimant, a police officer for the City of Lawton, stated the injury occurred when he "was lifting and moving boxes in police department clothing room." Initially, Employer admitted on April 7, 2014, that Claimant sustained an accidental injury arising out of and in the course of his employment with Employer. Employer, however, filed an amended Form 10 on May 6, 2014, denying Claimant's injury arose out of and in the course of his employment.

¶ 3 A hearing took place on June 11, 2014. Claimant's attorney stated Claimant was seeking a finding of compensability and permanent partial disability. Employer's attorney stated: "We are admitting an incident that he reported and he was sent to the doctor, but the treating physician eventually opined that this incident is not the cause of his need for treatment for his testicle problem so because of that we are denying this." Employer confirmed to the court that it denies Claimant's employment is the major cause of his injury.

¶ 4 Claimant testified he is 38 years old, has worked for Employer for approximately 17 years, and is currently employed as a Captain/Watch Commander. Claimant testified to the following regarding the incident on October 29, 2013. The police department had received numerous boxes, and he and another Captain started "moving those boxes to different locations in the [clothing] room, inventorying them and doing things like that and [he] went to move a box and when [he] did [he] turned and [he] just felt a sharp pain in [his] groin area and that went up into [his] stomach." Claimant testified:

I dropped the box and just kind of hunched over, I guess I groaned because the other Captain that was with me asked me what's wrong, you know and I told him

that I just felt a sharp pain go up into my stomach and I became nauseous and just had a lot of pain and I had to stop with what I was doing.

According to Claimant, the boxes weighed probably close to 100 pounds each. Claimant testified he was engaged in strenuous activity when he was injured. He reported the injury to his supervisor. Although he did not leave work after he was injured, he did not do anything physical but went to his office and sat down.

¶ 5 Claimant went to see Dr. Love on October 31, 2013. After Dr. Love examined Claimant, he called a specialist, Dr. Kuglitsch, to see if the specialist could see Claimant. Claimant saw Dr. Kuglitsch that same day. Dr. Kuglitsch performed an examination and an ultrasound and told Claimant he needed immediate surgery. Dr. Kuglitsch diagnosed a left testicular torsion and performed bilateral testicular fixation surgery on Claimant on November 1, 2013. When Claimant saw Dr. Kuglitsch for a follow-up appointment on November 19, 2013, Dr. Kuglitsch released Claimant, finding he had reached maximum medical improvement. Claimant has no permanent restrictions, and he has returned to his job as Captain. However, he still experiences swelling and occasional pain and tenderness. He stated that I "feel like that I am sitting on myself." During cross-examination, Claimant stated he has not had any treatment since he was released in November 2013 and takes only Advil for the swelling.

¶ 6 The trial court admitted Claimant's Exhibit 1, containing the report of M. Stephen Wilson, MD, and Exhibit 2, consisting of medical records. Dr. Wilson stated in his report that in his opinion, Claimant "has sustained a significant injury to his testicles due to a work-related accident sustained while employed by [Employer]." On the issue of causation, Dr. Wilson stated, "It is further my opinion that the employment-related accident [Claimant] sustained on October 29, 2013, when lifting and moving boxes in the police department clothing area while

employed by [Employer] is the major cause of the injury to his testicles."[1]

¶7 The trial court admitted Employer's Exhibit 1, consisting of two reports of Kent C. Hensley, MD, and Exhibit 2, which contains a letter from Michael E. Kuglitsch, MD, FACS. Dr. Kuglitsch, a board certified urologist, states in his April 22, 2014, letter:

Testicular torsion is an event where the testis will rotate 360 degrees and shut off blood supply to the testis. The etiology of this and cause has never been determined in the medical literature but has sometimes been associated with trauma. It has never been associated with lifting or normal activities. We generally see these conditions arising at night when the patient is asleep.

It is apparent that this occurred when he was at work, but is not related in anyway to the activity he was performing at that time. Unfortunately, we have no known etiology of the cause of his torsion of the left testicle that occurred on 10/31/2013.

¶8 In his initial report dated April 22, 2014, Dr. Hensley stated, in part:

[Claimant], by history, developed an acute left testicular torsion on 10-29-13. Although apparently this condition was accepted as work related, it is unlikely that his lifting episode as described played any role in his subsequent development of a testicular torsion. Therefore, his employment with [Employer] is felt not to represent the "major cause" of his testicular torsion. Rather the "major cause" of a testicular torsion is a congenital malformation wherein the testis is inadequately affixed to the scrotum allowing it to move freely on its axis and making it susceptible to twisting of the cord and its vessels. It is noted most frequently between the ages of 12 and 18, but can occur at any age.

Dr. Hensley prepared a second report dated May 5, 2014, after he received Dr. Kuglitsch's April 22, 2014, letter. In this report, Dr. Hensley stated, "After review of [Dr. Kuglitsch's letter] my opinion remains as previously set forth in my report of 04-22-14. It is quite clear that his employment as described does not represent the 'major cause' of his testicular torsion."

¶9 The trial court found that Claimant sustained an accidental injury to both testicles on October 29, 2013, arising out of and in the course of his employment with Employer. The trial court concluded that "[C]laimant's work activities constitute the major cause of [C]laimant's resulting injuries." The court found that Claimant sustained 10 percent permanent partial impairment and awarded benefits based on this finding.

¶10 Employer appealed to the court *en banc* asserting that the trial court's finding that Claimant sustained an injury arising out of and in the course of his employment with Employer was not consistent with the evidence offered at trial, and specifically is not consistent with Claimant's treating physician's opinion. After a hearing, a three-judge panel affirmed the trial court's decision, with one judge dissenting, finding the decision was not contrary to law or against the clear weight of the evidence. Employer now seeks review of the order of the three-judge panel.

### STANDARD OF REVIEW

¶11 "Whether employment was the major cause of the injury is an issue of fact to be determined under the applicable standard of review and reviewed by the applicable standard on appeal." *Rural Waste Mgmt. & Indem. Ins. Co. of North America v. Mock*, 2012 OK 101, ¶6, 292 P.3d 24. "The standard of review applicable to a workers' compensation appeal is that which is in effect when the claim accrues." *Williams Cos., Inc. v. Dunkelgod*, 2012 OK 96, ¶18, 295 P.3d 1107. The applicable standard of review is determined as of the date of injury, *Id.*, which Claimant asserts was October 29, 2013. Title 85 O.S.2011 § 340(D)[2],

---

1. Although Dr.Wilson finds injury to both testicles, it is clear from Dr. Kuglitsch's Operative Report of November 1, 2013, that only the left testicle developed an acute torsion. In the operative procedure, however, both testes were fixed in place to prevent rotation.

2. Title 85 O.S.2011 § 340 was repealed effective February 1, 2014.

the statute in effect at the time of the claimed injury, provided:

> After the effective date of this act, regardless of the date of injury, the Supreme Court may modify, reverse, remand for rehearing, or set aside the order or award upon any of the following grounds:
>
> 1. The Court acted without or in excess of its powers;
> 2. The order or award was contrary to law;
> 3. The order or award was procured by fraud; or
> 4. The order or award was against the clear weight of the evidence.

(Footnote omitted.) We therefore review the decision of the three-judge panel to determine whether it is against the clear weight of the evidence.

### ANALYSIS

■ ¶ 12 Title 85 O.S.2011 § 308(10)(a)[3] provided:

> "Compensable injury" means any injury or occupational illness, causing internal or external harm to the body, which arises out of and in the course of employment if such employment was the major cause of the specific injury or illness. *An injury, other than cumulative trauma, is compensable only if it is caused by a specific incident and is identifiable by time, place and occurrence unless it is otherwise defined as compensable in this act.* A compensable injury must be established by objective medical evidence. The employee has the burden of proof to establish by a preponderance of the evidence that such unexpected or unforeseen injury was in fact caused by the employment. *There is no presumption from the mere occurrence of such unexpected or unforeseen injury that the injury was in fact caused by the employment.*

(Emphasis added.) Pursuant to 85 O.S.2011 § 308(28):

> "Major cause" means more than fifty percent (50%) of the resulting injury, disease or illness. A finding of major cause shall be established by a preponderance of the

evidence. A finding that the workplace was not a major cause of the injury, disease or illness shall not adversely affect the exclusive remedy provisions of this act and shall not create a separate cause of action outside of this act. . . .

¶ 13 On appeal, Employer asserts the Workers' Compensation Court's finding that Claimant's employment was the major cause of his condition is against the clear weight of the evidence. We agree based upon a plain reading of 85 O.S.2011 § 308(28).

¶ 14 Pursuant to the law in effect on October 29, 2013, the date of the incident, an injury would be compensable under the Workers' Compensation Act only if Claimant's "employment was the major cause of the specific injury or illness." 85 O.S.2011 § 308(10)(a). As stated above, "[m]ajor cause" is defined as "more than fifty percent (50%) of the resulting injury, disease or illness." 85 O.S.2011 § 308(28). The statute specifically instructs that "[a] finding of major cause shall be established by a preponderance of the evidence." *Id.* Here, the only medical evidence that Claimant's employment was the major cause of his condition was the report of Dr. Wilson. On the other hand, Employer submitted reports from Dr. Hensley and a letter from Dr. Kuglitsch stating that Claimant's employment was not the major cause of Claimant's condition.

¶ 15 In *Peoplelink, LLC v. Bear*, 2014 OK 65, —— P.3d —— (not yet released for publication), the Oklahoma Supreme Court clarified the way in which appellate courts will review decisions of the Workers' Compensation Court. The Court explained:

> The new standard of review set forth in section 3.6 is identical to the standard of review applied in equity cases. In a cause of equitable cognizance, the presumption is in favor of the trial court's judgment, and such judgment will not be disturbed on appeal unless against the clear weight of the evidence. *Oklahoma Company v. O'Neil*, 1968 OK 63, ¶ 0(7), 440 P.2d 978, 990 (syllabus 7). The Legislature is undoubtedly familiar with the opinions of this Court applying the equity standard of re-

**3.** Title 85 O.S.2011 § 308 was repealed effective February 1, 2014.

view. As a consequence, it is likely the Legislature intended appellate courts to show the same deference in reviewing workers' compensation court rulings, as appellate courts show when reviewing equity judgments, to determine if they are against the clear weight of the evidence.

In equity cases, "[t]he judgment of the appellate court should not lightly displace the judgment of the trial court, which had the advantage of observing the witnesses on the stand." *Robert L. Wheeler, Inc. v. Scott,* 1991 OK 95, ¶ 12, 818 P.2d 475, 480. This advantage is the reason that appellate courts in equity cases show great deference to trial court determinations of the credibility of the witnesses and the weight to be given their testimony. *See Peyton v. McCaslin,* 1966 OK 4, ¶ 16, 417 P.2d 316, 321. Before a lower court's decision can be reversed, "the *entire record* will be *examined* and the *evidence weighed,* but the judgment of the trial court will not be reversed unless it appears to be *clearly* against the weight of the evidence." *Scott,* ¶ 12, 818 P.2d at 479–80; *O'Neil,* ¶ 51, 440 P.2d at 990 (emphasis added).

*Id.* ¶¶ 6–7.

¶ 16 In this case, we reviewed the entire record, considered the weight of the evidence, and conclude that Claimant did not establish by a preponderance of the evidence that his employment is the major cause of his condition. Two doctors, including Claimant's treating physician and surgeon, stated Claimant's employment was not the major cause of his condition and explained the medical reasons for their conclusions. The sole report submitted by Claimant stating his employment was the major cause of his condition provides no explanation or support in the medical literature for this conclusion. Because major cause was not established by a preponderance of the evidence, we must conclude that the Workers' Compensation Court's decision that Claimant's employment is the major cause of his condition is against the clear weight of the evidence.

**CONCLUSION**

¶ 17 The Workers' Compensation Court's decision finding Claimant's employment with Employer was the major cause of his condition and awarding him benefits is against the clear weight of the evidence. Accordingly, we vacate the decision of the Workers' Compensation Court and remand with directions to enter an order denying the claim.

¶ 18 **VACATED AND REMANDED WITH DIRECTIONS.**

GOODMAN, V.C.J.,[4] and FISCHER, P.J., concur.