ROLLED ALLOYS, INC. v. WILSON



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:ROLLED ALLOYS, INC. v. WILSON

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 ROLLED ALLOYS, INC. v. WILSON
2018 OK CIV APP 43
418 P.3d 713
Case Number: 115930
Decided: 12/22/2017
Mandate Issued: 05/24/2018
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2018 OK CIV APP 43, 418 P.3d 713

 

ROLLED ALLOYS, INC., and TRAVELERS PROPERTY CASUALTY CO. OF AMERICA, Petitioners,
v.
DONALD WILSON and THE WORKERS' COMPENSATION COMMISSION, Respondents.

PROCEEDING TO REVIEW AN ORDER OF THE
WORKERS' COMPENSATION COMMISSION EN BANC

HONORABLE TARA A. INHOFE, ADMINISTRATIVE LAW JUDGE

SUSTAINED

Mia C. Rops, DAVID KLOSTERBOER & ASSOCIATES, Oklahoma City, Oklahoma, for Petitioner

Esther M. Sanders, SANDERS AND ASSOCIATES, P.C., Tulsa, Oklahoma and
Bob Burke, Oklahoma City, Oklahoma, for Respondent

JANE P. WISEMAN, JUDGE:

¶1 Rolled Alloys, Inc., and Travelers Property Casualty Company of America seek review of an order of the Workers' Compensation Commission affirming the decision of an administrative law judge finding compensability and authorizing medical treatment for Claimant Donald Wilson. After review, we sustain the Commission's decision.

FACTS AND PROCEDURAL BACKGROUND

¶2 Claimant filed a CC Form 3 on November 24, 2015, alleging injury to his hands due to "repetitive twisting, gripping controls on plasma machine." In the box titled, "Date of Accident/Injury," Claimant listed "1+yr. ago." Claimant indicated his injury resulted from cumulative trauma while working for Rolled Alloys, Inc. (Employer). An amended CC Form 3, filed on December 8, 2015, lists the "Date of Accident/Injury," as December 2014, and indicates the injury resulted from a single incident and cumulative trauma. Another amended CC Form 3 was filed on March, 28, 2016, which listed under the "Date of Accident/Injury" title the following: "Awareness April 2014." The amended form also added the left arm and alleged a consequential injury to the left shoulder. Employer denied Claimant suffered an injury arising out of and in the course of his employment and also denied Claimant filed his claim within the statutory period of time or timely notified Employer of his injury. On April 8, 2016, Claimant filed another amended CC Form 3, in which he removed the consequential injury to the left shoulder.

¶3 At trial, Employer states it was asserting the statutory defenses found in 85A O.S. §§ 67 and 69(A)(1).[1] Employer also asked the trial court to consider the rebuttable presumption that arises from a lack of notice found in 85A O.S. Supp. 2016 §§ 68[2].

¶4 Claimant testified he first began having symptoms in his hands and arms shortly before he saw Dr. Ryan Choplin in May 2014. He then saw Dr. Chalkin, who gave him splints to wear at night. In September 2014, Claimant saw a nurse practitioner at the Warren Clinic. After Claimant's symptoms worsened, Employer sent him to Concentra in November 2015 for problems with his hands and his shoulder. He reported the injury to John Sappington, Employer's president. Claimant has filed a separate claim for his shoulder.

¶5 Claimant "used [his] health insurance to get . . . surgery to [his] right hand," but he now needs surgery on his left hand. Before he went to Concentra, his pain became more intense after he took "the retaining cap off of a torch." He worked until April 2016, when he had surgery on his shoulder, and then he was off work for a period of time, during which he received workers' compensation benefits. Employer put him on light duty when he returned to work. His last day of work was August 25, 2016.

¶6 The administrative law judge (ALJ) asked Claimant why he waited until November 2015 to report to Employer that he was having problems with his hands. Claimant stated:

Well, I was still able to work and I had a lot of responsibilities at home. I was taking care of my stepson and his wife and children, and I was still able to work. I don't know, it was just--I don't know, I guess a lot of it was the responsibilities at home kind of kept me from it and it was just steadily getting worse, too.

The ALJ found:

It is undisputed that claimant did not provide notice of any work-related injury to respondent until November of 2015. The incident report . . . reports injury to the bilateral hands and left forearm on approximately November 4, 2014, that was to have happened while claimant was "taking torch retaining cap apart." The incident report is signed by claimant and Kevin Romanewicz.

Upon report of injury, respondent sent claimant to Concentra, where he was seen on November 4, 2015, complaining of bilateral hand issues, after "taking the retaining cap off torch." Seemingly contradictorily, the record also states that claimant has been having the problems for about one year's time, but only had the retaining cap incident a few days previous.

The ALJ noted Claimant sought care on his own and had surgery on his right hand on August 25, 2016. The ALJ found that Claimant's claim was not time-barred. The ALJ concluded Claimant sustained a compensable cumulative trauma injury to his right hand, left hand, and left arm, with a date of awareness of April 2014 and date of last exposure of April 2016 and awarded him medical treatment.

¶7 Employer filed a request for review. After oral argument, the Commission affirmed the ALJ's decision. The Commission noted that since 1985, in cumulative trauma cases, "the law in effect on the date of awareness determined substantive rights, while the date of last exposure/employment triggered the limitations period." In support of this statement of law, the Commission cited American Airlines, Inc. v. Crabb, 2009 OK 68, ¶ 10, 221 P.3d 1289. Pursuant to the Administrative Workers' Compensation Act (AWCA), specifically 85A O.S. Supp. 2016 § 45(G), "Benefits for a cumulative trauma injury or occupational disease or illness shall be determined by the law in effect at the time the employee knew or reasonably should have known that the injury, occupational disease or illness was related to work activity." The Commission noted that AWCA "amended the statute of limitations for cumulative trauma injuries by changing the triggering event from the 'date of last employment' to the 'date of the injury' to commence the limitation period in Section 69(A)(1)," which provides:

A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Commission within one (1) year from the date of the injury. If during the one-year period following the filing of the claim the employee receives no weekly benefit compensation and receives no medical treatment resulting from the alleged injury, the claim shall be barred thereafter. For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this act.

85A O.S. Supp. 2016 § 69(A)(1). Title 85A O.S. Supp. 2016 § 2(9)(a) provides:

"Compensable injury" means damage or harm to the physical structure of the body, or prosthetic appliances, including eyeglasses, contact lenses, or hearing aids, caused solely as the result of either an accident, cumulative trauma or occupational disease arising out of the course and scope of employment. An "accident" means an event involving factors external to the employee that:

(1) was unintended, unanticipated, unforeseen, unplanned and unexpected,

(2) occurred at a specifically identifiable time and place,

(3) occurred by chance or from unknown causes, and

(4) was independent of sickness, mental incapacity, bodily infirmity or any other cause.

(Emphasis added.) The Commission found that the definition of "accident" found in § 2(9)(a) conflicts with the definition of cumulative trauma found in 85A O.S. Supp. 2016 § 2(14):

"Cumulative trauma" means an injury to an employee that is caused by the combined effect of repetitive physical activities extending over a period of time in the course and scope of employment. Cumulative trauma shall not mean fatigue, soreness or general aches and pain that may have been caused, aggravated, exacerbated or accelerated by the employee's course and scope of employment. Cumulative trauma shall have resulted directly and independently of all other causes and the employee shall have completed at least one hundred eighty (180) days of continuous active employment with the employer . . . .

The Commission concluded that the apparent conflict between these definitions "creates ambiguity as to the meaning of the term 'accident' for the purpose of determining the date of injury that triggers the limitation period under §69(A)(1)." The Commission agreed with the ALJ "that the limitations period in cumulative trauma injuries begins to run on the last date of exposure." It found

[T]he apparent conflict between the definitions of "accident" and "cumulative trauma" is resolved by construing these provisions to mean that an "accident" occurs each time an employee is exposed to injurious repetitive activity. This construction harmonizes the definition of an accident, which occurs "at a specifically identifiable time and place," with the ongoing nature of cumulative trauma, which occurs "over a period of time." Thus, each day an employee performs repetitive physical activities that cause physical harm is considered a "date of injury" for the purposes of §69(A)(1). We find this construction to be consistent with the statutory scheme and purpose of the AWCA to provide no-fault compensation for disability resulting from repetitive work activities.

¶8 The Commission reasoned that if the Employer's interpretation of the statutes was adopted there would be:

consequences the Legislature could not have intended. If the date of awareness triggered the statute of limitations, employees who develop symptoms, but are not disabled or in need [of] treatment, would be forced to file a claim to avoid the one-year statutory time-bar. As such, the awareness rule would increase the number of claims for potential cumulative trauma injuries. This would result in increased administrative costs and unnecessary litigation. Further, these claims would likely be dismissed and barred for "want of prosecution" under §69(A)(1), which requires the dismissal of claims in which no compensation or medical treatment is received within a year of the claim's filing date.

The Commission also opined:

Contrary to the general purpose of limitation statutes, the awareness rule would indefinitely extend an employee's time to file a cumulative trauma claim. Unlike the last exposure rule, which defines the limitation period by objective criteria, [Employer's] approach would expose employers to liability based on an employee's awareness of injury. Under the awareness rule, the limitations period could begin to run years after employment ends. Such a result is also inconsistent with §69(G), which prohibits the tolling of the limitation period for "latent injuries."

The Commission concluded, "Although the Legislature did not expressly define the date of accident for cumulative trauma injuries, we find that the last exposure rule harmonizes related statutes to give effect [to] the overarching purpose of the AWCA." Employer now seeks review of the Commission's decision.

STANDARD OF REVIEW

¶9 "The Supreme Court may modify, reverse, remand for rehearing, or set aside the judgment or award" of the Workers' Compensation Commission upon a finding that the judgment or award was:

1. In violation of constitutional provisions;
2. In excess of the statutory authority or jurisdiction of the Commission;
3. Made on unlawful procedure;
4. Affected by other error of law;
5. Clearly erroneous in view of the reliable, material, probative and substantial competent evidence;
6. Arbitrary or capricious;
7. Procured by fraud; or
8. Missing findings of fact on issues essential to the decision.

85A O.S. Supp. 2016 § 78.

¶10 To the extent this matter presents a question of law regarding statutory construction of a statute of limitations, our review is de novo. See Rural Waste Management & Indem. Ins. Co. of North America v. Mock, 2012 OK 101, ¶ 6, 292 P.3d 24.

ANALYSIS

¶11 The primary question for this Court is when does the statute of limitations begin to run for a cumulative trauma injury pursuant to the AWCA. After review, we agree with the Commission that the statute of limitations begins to run on the date of last exposure.

¶12 Before its repeal in 2011, 85 O.S.2011 § 318(B) provided, "With respect to disease or injury caused by cumulative trauma causally connected with employment, a claim must be filed within two (2) years of the date on which the employee was last employed by the employer." After the passage of the AWCA, the statute of limitations is now found at 85A O.S. Supp. 2016 § 69(A)(1), which provides: "A claim for benefits under this act, other than an occupational disease, shall be barred unless it is filed with the Commission within one (1) year from the date of the injury." It further provides, "For purposes of this section, the date of the injury shall be defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this act." As noted above, 85A O.S. Supp. 2016 § 2(9) provides that an accident is "an event involving factors external to the employee that: (1) was unintended, unanticipated, unforeseen, unplanned and unexpected, (2) occurred at a specifically identifiable time and place, (3) occurred by chance or from unknown causes, and (4) was independent of sickness, mental incapacity, bodily infirmity or any other cause." (Emphasis added.) Although this subsection specifically states that an accident must have "occurred at a specifically identifiable time and place," as the Commission pointed out "cumulative trauma is not an event that occurs at a specifically identifiable time and place."

¶13 Section 2 also provides a definition of cumulative trauma. Cumulative trauma is defined as "an injury to an employee that is caused by the combined effect of repetitive physical activities extending over a period of time in the course and scope of employment." 85A O.S. Supp. 2016 § 2(14). We agree with the Commission that the "definition of 'accident' appears to conflict with the definition of 'cumulative trauma'" in that "[u]nlike an accident, cumulative trauma is not an event that occurs at a specifically identifiable time and place."

¶14 The AWCA, at 85A O.S. Supp. 2016 § 69(A)(2)(a), provides, "A claim for compensation for disability on account of injury which is either an occupational disease or occupational infection shall be barred unless filed with the Commission within two (2) years from the date of the last injurious exposure to the hazards of the disease or infection." Therefore, the Legislature specifically adopted the "last injurious exposure" rule in regard to occupational disease, which is another condition that can arise from repeated exposure.

¶15 "The goal of any inquiry into the meaning of a legislative enactment is to ascertain and follow legislative intent." Arrow Tool & Gauge v. Mead, 2000 OK 86, ¶ 15, 16 P.3d 1120. "Only when the circumstances clearly indicate that in enacting the statute the legislature has overlooked something will this court apply rules of statutory construction in an effort to clarify and make sensible an act's purview." Id.

¶16 The Commission in its decision identified a conflict in the provisions of the AWCA regarding the statute of limitations for cumulative trauma cases and interpreted the statutes to harmonize them. We agree with the Commission's reasoning that the conflict in the AWCA between the definitions of "cumulative trauma" and "accident" can be "resolved by construing these provisions to mean that an 'accident' occurs each time an employee is exposed to injurious repetitive activity." We further agree that the Commission's "construction harmonizes the definition of an accident, which occurs 'at a specifically identifiable time and place,' with the ongoing nature of cumulative trauma, which occurs 'over a period of time.'" The Commission concluded, "Thus, each day an employee performs repetitive physical activities that cause physical harm is considered a 'date of injury' for the purpose of §69(A)(1)." We conclude that the Commission properly determined "this construction to be consistent with the statutory scheme and purpose of the AWCA to provide no-fault compensation for disability resulting from repetitive work activities."

¶17 The basic facts of this case were undisputed. The only issue was whether the Commission properly applied the law. We conclude it has, and we sustain its decision.

CONCLUSION

¶18 Finding no error, we sustain the Commission's order affirming the ALJ's order finding Claimant's claim is compensable and authorizing medical treatment.

¶19 SUSTAINED.

THORNBRUGH, V.C.J., and BARNES, P.J., concur.

FOOTNOTES

[1] Title 85A O.S. Supp. 2016 § 67(A)(2) provides written notice of cumulative trauma must be given to an employer "within six (6) months after the first distinct manifestation of the disease or cumulative trauma or within six (6) months after death."

Title 85A O.S. Supp. 2016 § 69(A)(1) provides for a one-year statute of limitation "from the date of injury," which is "defined as the date an injury is caused by an accident as set forth in paragraph 9 of Section 2 of this act."

[2] Title 85A O.S. Supp. 2016 § 68(A) provides that unless an employee gives written notice within 30 days from the date of injury, "the rebuttable presumption shall be that the injury was not work-related." And, "[s]uch presumption must be overcome by a preponderance of the evidence."






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases
 Cite
Name
Level

 2000 OK 86, 16 P.3d 1120, 71 OBJ 2896, ARROW TOOL & GAUGE v. MEAD
Discussed
 2009 OK 68, 221 P.3d 1289, AMERICAN AIRLINES INC. v. CRABB
Discussed
 2012 OK 101, 292 P.3d 24, RURAL WASTE MANAGEMENT AND INDEMNITY INSUR. CO. OF NORTH AMERICA v. MOCK
Discussed
Title 85. Workers' Compensation
 Cite
Name
Level

 85 O.S. 318, Repealed
Cited
Title 85A. Workers' Compensation
 Cite
Name
Level

 85A O.S. 2, Definitions
Discussed at Length
 85A O.S. 45, Compensation Rates - Temporary Total Disability - Temporary Partial Disability - Permanent Partial Disability - Permanent Total Disability - Vocational Rehabilitation - Disfigurement
Cited
 85A O.S. 67, Occupational Disease or Cumulative Trauma - Notice - Statute of Limitations - Exception
Discussed
 85A O.S. 68, Lack of Notice Creates Rebuttable Presumption that Injury Not Work-Related
Discussed
 85A O.S. 69, Statute of Limitations - Initial Claim - Claim for Additional Compensation - Failure to File - Exception
Discussed at Length
 85A O.S. 78, Workers' Compensation Commission - Appeal to Commission - Appeal to Supreme Court
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA